. 7850

## LOWRY v. ATLANTIC COAST LINE R. R. CO.

CARRIER—FREIGHT—PRESUMPTIONS—ISSUES.—Where it appears that goods were delivered to the initial carrier in good order and they are delivered to consignee in bad order, the presumption arises that they were damaged in the possession of the terminal carrier. This presumption is rebuttable, but the carrier failed to rebut it in this case and it was error to direct a verdict for defendant.

Before GARY, J., Sumter, April, 1909. Reversed.

Action by E. A. Lowry against Atlantic Coast Line Railroad Company. Plaintiff appeals.

*Mr. L. D. Jennings,* for appellant, cites: *What terminal carrier must show to rebut presumption of loss by it:* 3 Hutch. on Car. 1591. *Presumption is terminal carrier caused the loss:* 6 Cyc. 491; 66 S. C. 477; 76 S. C. 30; 78 S. C. 81.

. *Messrs. Willcox & Willcox, Mark Reynolds* and *Lucian W. McLemore,* contra. *Messrs. P. A. Willcox* and *McLemore* cite: *There being no proof of delivery to initial carrier in good order, the presumption of liability of terminal carrier does not apply:* 66 S. C. 477; 6 Cyc. 491; Elliott on R. R., sec. 1450; 43 Barb. 225; 28 Wis. 204. *This presumption is rebuttable:* 63 S. E. 565; 6 Cyc. 491; 60 S. E.

8; 63 S. E. 655; 74 S. W. 343; 76 S. C. 308; Elliott on R. R., sec. 1450; 61 S. E. 1111; 125 Ga. 520.

April 4, 1911. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. Plaintiff sued to recover damages for the loss of certain articles and damage to others contained in a carload of household goods shipped to her from Henrietta, Texas. The bill of lading contained a list of the goods, and acknowledged them to have been in apparent good order when received by the initial carrier. At Augusta, Ga., they were transferred from one car to another, which was sealed and delivered to defendant for transportation to destination, Sumter, S. C. Defendant's testimony tended to show careful handling of the car while in its possession, and that the seals were not broken until arrival at Sumter, where the goods were unloaded into its warehouse, whence they were delivered to plaintiff. The agent of the Central Railroad of Georgia, who superintended the transfer at Augusta, testified that the goods were badly damaged before they were delivered to defendant; that he noted an exception that they were "all scratched," and also noted a number of pieces that were broken. He could not say whether there was any shortage or not, because he had no list; nor did he make a list of the goods put into the car which was delivered to defendant.

Plaintiff's testimony tended to show that the goods were more badly damaged and more pieces were broken when delivered to her than appeared from the notation of the agent at Augusta; and, also, that at least one piece—a kitchen table—was received by defendant which was not delivered to her. The defendant voluntarily paid for repairing a number of pieces, among them being some which had not been noted as broken by the agent at Augusta.

From the foregoing general outline of the testimony, it clearly appears that the Circuit Court erred in directing a verdict for defendant. When it appears that goods were delivered to the initial carrier in good order, and they are delivered to consignee by the terminal carrier in bad order, the law imposes upon the latter the burden of proving that he delivered them in the same condition that he received them; for, in such a case, the presumption is that they were damaged while in his possession. *Willett* v. *Ry.,* 66 S. C. 477; *Walker* v. *Ry.,* 76 S. C. 308. To be sure the presumption may be rebutted; but, as pointed out, defendant's testimony fell short of doing so.

The presumption is not only that defendant received the goods in the same condition as when delivered to the first carrier, but, also, that it received the entire shipment. *Walker* v. *Ry., supra,* and cases cited. The burden was, therefore, on defendant to show that it did not receive all the goods delivered to the first carrier, which it could not have done by showing exactly what it did receive. *Charles* v. *Ry. Co.,* 78 S. C. 36, 58 S. E. .927. It did attempt to show that it delivered all that it received, by showing that it received the car under seal, which was not broken until arrival at destination, where the goods were unloaded into its warehouse, and that they were afterwards delivered to plaintiff. This, however, was not conclusive; for, as pointed out, the testimony of defendant's agent tended to show that a certain table was taken from the car and put into the warehouse, and plaintiff's testimony was that it was never delivered to her. Now, if the table was lost from the warehouse, a reasonable inference might have been drawn that other missing articles were also.

Besides, the voluntary payment for repairs to the broken furniture was evidence of an admission of liability, which required submission of the case to the jury.

Reversed.