JIM VAN SCHUYVER v. STATE.

No. A-8145.   Feb. 19, 1932.
(8 Pac. [2d] 688.)

Mac Q. Williamson, for plaintiff in error.

The Attorney General and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error was convicted in the district court of McClain county of the crime of larceny of domestic fowls, and his punishment fixed by the jury at imprisonment in the state penitentiary for one year and one day.

It is first contended that the court erred in refusing to permit counsel for defendant to introduce in evidence a certified copy of the judgment of Justice of the Peace W. G. Collier of Pontotoc county, in a replevin action involving the property rights to the chickens alleged to have been stolen from the prosecuting witness, for which this prosecution was instituted.

The purpose of defendant in introducing this evidence was to establish by the certified copy of the judgment that in the trial of the rights of property the jury had found that defendant, and not the prosecuting witness, was the owner of the chickens alleged to have been stolen.

Counsel for defendant admits that the authorities are numerically against them upon the admissibility of this evidence.   The great weight of authority is also against the admission of such evidence.

The trial court properly excluded the copy of the proceedings had before the justice of the peace, as the same was inadmissible for any purpose.   The court should have gone further and sustained the objection of the state to the introduction of any evidence of the proceedings had before the justice of the peace.   The fact that the parties had litigated their civil rights to the property in another court at another time was immaterial, as not tending to prove or disprove any issue in the case on trial.

152

It is next contended that the trial court erred in the instruction given on circumstantial evidence.

An examination of the record discloses that the instruction given by the court is vague and contradictory, and is not a correct statement of the law of the case.

In Carter v. State, 6 Okla. Cr. 232, 118 Pac. 264, 266, in an opinion by Judge Furman, this court condemned an erroneous instruction, and there set forth in full the correct instruction on circumstantial evidence, which reads as follows:

"You are instructed that the state relies for a conviction in this case upon what is known as circumstantial evidence, and in this matter you are instructed that, to warrant a conviction upon circumstantial evidence, each fact necessary to the conclusion sought to be established—that is, the guilt of the defendant—must be proved by competent evidence, beyond a reasonable doubt, and that all the facts and circumstances proven should not only be consistent with the guilt of the accused, but consistent with each other and inconsistent with any other reasonable hypothesis or conclusion than that of his guilt, and sufficient to produce i . your minds the reasonable moral certainty that the accused committed the offense charged against him. And you are instructed that when the circumstances are sufficient, under the rule herein given you, they are competent and are to be regarded by the jury as competent for your guidance as direct evidence."

In Baldwin v. State, 11 Okla. Cr. 233, 144 Pac. 634, this court set this instruction out in full and again placed its approval upon the same. See, also, Jackson v. State, 22 Okla. Cr. 354, 211 Pac. 1066.

Instructions on presumption of innocence, the credibility of witnesses, the burden of proof, prima facie evidence, and circumstantial evidence, together with others,

are "stock instructions." There is no excuse for trial courts going astray in the giving of instructions upon any of these subjects.

For error in the giving of instruction No. 5 upon circumstantial evidence, the cause is reversed and remanded, with directions to the court to proceed with the trial of the case in accordance with this opinion.

DAVENPORT, P. J., and EDWARDS, J., concur.