14796

STATE v. LUDLAM

(200 S. E., 361)

*Mr. Barnard B. Evans,* for appellant, 

*Messrs. J. Coker Anderson* and *G. Truett Smith,* for respondent.

December 30, 1938.

The opinion of the Court was delivered by Mr. Justice Bonham.

The respondent was arrested on a warrant issued by Magistrate W. A. Gunter, issued under Section 1171 of the Criminal Code, which charged him with obtaining money under false pretenses. When the case was called for trial before the magistrate, the attorney for the prosecution moved to amend the warrant by charging the defendant with breach of trust with fraudulent intent, under Section 1149 of the Criminal Code.

The amount so alleged to have been obtained by the defendant was four and 25/100 dollars. The amendment was

allowed. The prosecution and the d e f e n d a n t each announced ready for trial. Testimony was taken. At the conclusion of the testimony offered by the· prosecution, the defendant moved that the warrant and the charge therein laid be dismissed for that the evidence did not establish the charge. The motion was granted.

The prosecution appealed to the Court of General Sessions for Richland County. The appeal was heard by Judge Bellinger, who sustained the order of the magistrate dismissing the charge.

From this order of the circuit Judge the State appeals to this Court.

Upon the call of the case for hearing in this Court the respondent moved to dismiss the appeal upon the ground that the order appealed from is not appealable, it being a judgment in dismissal of a criminal prosecution, from which no appeal by the State will lie.

The motion states the sole question to be determined by this appeal.

There is some diversity of opinion in the authorities as to whether an appeal by the State in a criminal prosecution will lie in any case.

The ultimate of the decisions, as we gather it, is that when in the trial, or examination, the result amounts to a final determination of the case, the State cannot appeal. For instance, if there be a trial and the defendant is acquitted, or if the proceeding be an examination on a criminal charge and the examining officer dismisses the warrant, the State has no right of appeal; especially if the dismissal be on the ground that the evidence does not sustain the charge.

As far back as 1849, in the Court of Appeals, *State v. Lewis*, 4 Strob., 47, that Court, by O'Neall, J., said: "The case of *State v. Nicholas*, 2 Strob., 278, decides that there is no appeal on the part of the State from a Judge's order granting a new trial, and pretty plainly intimates that his

decision even against the prisoner's application for a new trial, is also without appeal."

In the case of *State v. Lynn et al.*, 120 S. C., 258, 113 S. E., 74, the State appealed from an order of a magistrate granting a new trial, and applied to the County Court for a writ of certiorari. From an order refusing the writ, the State appealed to this Court. Mr. Justice Marion, for this Court, said: "The sole question raised by the appeal is whether in a criminal prosecution the State has the right to appeal from an order of a magistrate granting a new trial in a case where the order is based in part upon the evidentiary facts. * * *"

With his usual thoroughness and lucidness Mr. Justice Marion reviews the authorities bearing on the question and concludes his interesting opinion with the following observations: "Without attempting here to lay down a definite rule as to the extent of the State's right of appeal in criminal cases, in view of the express terms of the statute (Section 93, Criminal Code), and in the light of prior adjudications of this Court, we are clearly of the opinion that the State has no right of appeal from an order of a magistrate granting a new trial in a criminal prosecution, where, as in the case at bar, the jurisdiction of the magistrate as to ordering the new trial is not in question, and where the order was predicated, at least in part, upon the magistrate's judgment as to the weight and sufficiency of the evidence adduced at the trial. See *State v. Nicholas*, 2 Strob., 278; *State v. Lewis*, 4 Strob., 47."

It is true that in the instant case, the appellant contends that the magistrate had no jurisdiction to issue his order dismissing the charge. But the order of Judge Bellinger, from which the appeal comes to us, expressly holds that the magistrate did have jurisdiction.

In the case of *State v. Ivey*, 73 S. C., 282, Syllabus 2, 53 S. E., 428, the Court said: "Finding by circuit Judge on appeal from magistrate that one is not guilty of hawk-

72

ing and peddling, is an acquittal on such charge, and from such judgment State cannot appeal."

We may content ourselves with referring to the case of *State v. Gathers*, 15 S. C., 370, where this matter is considered in an able opinion by Mr. Associate Justice McGowan, a member of the Court known to the bar of that day as "The Court of the Great Triumvirate."

Our conclusion is that the motion to dismiss the appeal must be granted.

It is so ordered.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.