15332

STATE v. ROGERS

(17 S. E. (2d), 563)

*Mr. Robert T. Ashmore, Solicitor, Mr. J. D. Lanford* and *Mr. W. E. Bowen,* both of Greenville, for appellant,

*Messrs. Wyche, Burgess & Wofford,* of Greenville, for respondent,

November 24, 1941.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE FISHBURNE.

The defendant, James A. Rogers, was indicted under Section 1123, Code of 1932, which provides in part: "Any able-bodied man or a man capable of earning or making a livelihood who shall, without just cause or excuse, abandon or fail to supply the actual necessaries of life to his wife or to his minor, unmarried child or children dependent upon him, shall be deemed guilty of a misdemeanor. * * *."

Upon trial, the defendant offered no testimony, and relied solely for his defense upon a decree of the Circuit Court made in an alimony proceeding two years before, in which the defendant and his wife were parties, on the ground that the order or decree denying alimony in that case had fixed the status of the parties as to his liability for support. At the close of the State's case, upon motion of the defendant, the trial Judge held that the alimony proceeding settled the status

of the parties, was a bar to the criminal prosecution, and directed the jury to find and return a verdict of not guilty. This was done.

The State, which is the appellant in this case, assigns error upon the ground that the decree of the Court of Common Pleas absolving the defendant from liability for alimony in the year 1938, does not constitute a bar to a prosecution in the Court of General Sessions for non-support under Section 1123, on an indictment returned in 1941, and contends further that this judicial record, which was admitted in evidence over objection, was incompetent and inadmissible.

We think it is clear that in admitting this evidence the Court below erred.

The general rule that a judgment rendered in a civil action is not admissible in a subsequent criminal prosecution prevails where the judgment is offered for the purpose of proving facts adjudicated thereby, even though exactly the same questions are in dispute in both cases. Reasons assigned for this rule are that the parties are not the same; and that different rules as to the weight of evidence, or a quantum of proof necessary, prevail. The doctrine has been held applicable even in cases where the State and the defendant were parties in the civil action. For instance, it was held in *State v. Weil,* 83 S. C., 478, 65 S. E., 634, 26 L. R. A., N. S., 461, that the record and decree in a suit to enjoin a defendant from maintaining a liquor nuisance was not admissible as evidence to establish the defendant's guilt in a criminal prosecution for maintaining such nuisance, based on the same transaction. To the same effect see 30 Am. Jur., Section 295, Page 1006; 20 Am. Jur., Section 1012, Page 856.

The rule that a record of judicial proceedings is admissible to prove the fact, time, term and effect of the judgment applies when the existence of the judgment is relevant, as, for example, when the law requires conviction of the principal as a condition precedent to conviction of the accessory, or where the prior judgment constitutes legal aggravation of the subsequent charge, or in some instances, to show a series

of crime. A judgment is sometimes admitted as evidence of an admission, as when the defendant pleads guilty, or makes a solemn admission on the record. *State v. Weil, supra; Globe & Rutgers Fire Insurance Company v. Foil,* 189 S. C., 91, 200 S. E., 97.

If the wife had obtained a favorable decree in the alimony proceeding, the State in this criminal prosecution could take no advantage of it; and likewise the defendant—the proceeding in the Civil Court having resulted in his favor—cannot offer the judgment in evidence for the purpose of proving facts adjudicated thereby. Nor can it be introduced as tending to show that the circuit decree had fixed the status of the parties. As was said by the Court in *Busby v. State,* 51 Tex. Cr. R., 289, 307, 103 S. W., 638, 650; "Furthermore, if we should hold that there was complete mutuality in both civil and criminal actions, it would necessarily follow, if the state had been defeated in the civil action, and the judgment rendered in favor of this appellant, same would be a complete bar to any criminal prosecution, which is not the law."

In *Kilpatrick v. People,* 1907, 64 Colo., 209, 170 P., 956, 958, where the defendant was convicted of non-support of his wife, the Court permitted the State to introduce an order for temporary alimony, made in a divorce proceeding in which the defendant and his wife were parties, on the ground that the order had fixed the status of the parties as to his liability for support, and, in consequence, refused to permit the defendant to establish the defense that his wife had wilfully left him and refused to return notwithstanding his efforts to induce her to do so. In reversing the case for this error the Court said: "'The trial Court held that the temporary alimony order 'established a status between the parties' as to support and place of support. The temporary alimony order did not, however, fix the status of the parties so far as this criminal action is concerned. The order recites that it is made 'on motion of the plaintiff.' Had the motion been denied the defendant could take no advantage of it in

this proceeding, and likewise the prosecution cannot prove the status of the parties by introducing in evidence the temporary alimony order."

In a prosecution for larceny, the defendant may not introduce in evidence a judgment in a *replevin* action before a justice of the peace, involving the property rights in the property alleged to have been stolen, for the purpose of establishing that the jury, in that action, had found that the defendant, and not the prosecuting witness was the owner thereof. *Van Schuyver v. State,* 1932, 53 Okl. Cr., 150, 8 P. (2d), 688, wherein the Court stated: "The fact that the parties had litigated their civil rights to the property in another Court at another time was immaterial, as not tending to prove or disprove any issue in the case on trial."

Other cases supporting the same doctrine will be found in the annotation appearing in 87 A. L. R., at page 1258.

In our opinion, the record in the alimony proceeding did not constitute a bar to the criminal prosecution, nor was it admissible in evidence on the instance either of the State or the accused.

But, as was held in the case of *State v. Ivey,* 73 S. C., 282, 53 S. E., 428, 430, wherein the State was appellant— "The state has no right to appeal" from a judgment of acquittal in a criminal case. The State may take an appeal from an order quashing an indictment, *State v. Young,* 30 S. C., 399, 9 S. E., 355; *State v. Bouknight,* 55 S. C., 353, 33 S. E., 451, 74 Am. St. Rep., 751; or from a judgment which substantially amounts to a quashing of an indictment. *State v. Long,* 66 S. C., 398, 44 S. E., 960.

That the State has no right of appeal from judgment upon verdict of acquittal in a criminal case, seems to have been recognized and accepted as the law in this jurisdiction from the beginning of our judicial history. *State v. Wright,* 3 Brev., 421, 2 Tread. Const., 517; *State v. Bowen,* 4 McCord Law, 254; *State v. Edwards,* 2 Nott & McC., 13, 10 Am. Dec., 557; *State v. Gathers,* 15 S. C., 370; *State v. Ivey,*

73 S. C., 282, 53 S. E., 428; *State v. Lynn,* 120 S. C., 258, 113 S. E., 74; *State v. Ludlam,* 189 S. C., 69, 200 S. E., 361.

The principle is well stated in 24 C. J. S., Criminal Law, § 1663, page 262: "In those jurisdictions where the common-law rule permitting a former acquittal to be pleaded as an absolute bar to a subsequent prosecution prevails, and in those jurisdictions where the constitution provides that no one shall be twice put in jeopardy for the same offense, it is well settled that no writ of error, appeal, or other proceeding lies on behalf of the state to review or to set aside a verdict or a judgment of acquittal in a criminal case, although there may have been error committed by the Court, or a perverse finding by the jury * * * ."

To the same effect is 15 Am. Jur., Section 433, page 96. Judgment affirmed.

MR. ACTING ASSOCIATE JUSTICE A. L. GASTON concurs.

MESSRS. ASSOCIATE JUSTICES BAKER and STUKES concur in result.

MR. ACTING ASSOCIATE JUSTICE L. D. LIDE disqualified.

MR. ASSOCIATE JUSTICE BAKER (concurring in result):

I concur in so much of the opinion of Mr. Justice Fishburne as holds that the State has no right of appeal, and therefore that the appeal should be dismissed.

There being no right of appeal by the State from the judgment of acquittal, I doubt the propriety of passing upon any collateral issues undertaken to be raised by this appeal. But if it be conceded that it is proper to do so, I am unable to concur in so much of the opinion as holds that "the record in the alimony proceeding did not constitute a bar to the criminal prosecution, nor was it admissible in evidence on the instance of either the State or the accused."

In so holding, the opinion of Mr. Justice Fishburne undoubtedly follows the general rule. In addition to the authorities he cited, see *Smith v. Todd,* 155 S. C., 323, 152 S. E., 506, 70 A. L. R., 1529, and *Keels v. Atlantic C. L. R. R. Company et al.,* 159 S. C., 520, 157 S. E., 834.

However, in my opinion, this case presents an exception to the general rule. Here the respondent is being prosecuted

under Section 1123 of the Code, and the question of "just cause or excuse" is the crux of the prosecution, as was stated in *State v. Lancaster,* 135 S. C., 412, 133 S. E., 824.

It is true that the present case is theoretically between the State and the respondent, but the real and sole issue, and the very foundation thereof is still between the wife and husband—whether the husband has, "without just cause or excuse" abandoned or failed to furnish the actual necessaries of life to his wife—and this was judicially determined in two civil actions entitled *J. A. Rogers v. Clara Harris Rogers,* and *Clara Harris Rogers v. J. A. Rogers,* in which Mr. Rogers has been by a Court of competent jurisdiction relieved of the civil responsibility of the support of his wife, and given the custody of their children; and there has been no change in that situation since. Further than this, the measure of proof is the same, since in this criminal prosecution, the respondent had to establish "just cause or excuse" by the preponderance or greater weight of the testimony, as he did in the civil actions.

The offense of failing to furnish the necessaries of life to a wife by a husband, who is able-bodied or capable of earning or making a livelihood, without just cause or excuse, is a continuing offense, and I am unwilling to make a holding which will enable the prosecutrix herein to harass, annoy, and put to great expense and mental suffering, a man who has been relieved of the civil responsibility of supporting her by a Court of equal respectability, merely because of a technicality of the law, and a general established rule, especially where the reason or reasons for the general rule are absent in this case.

The incongruity of the situation can be visualized should the defendant under these circumstances be convicted of the failure to support his wife. The statute (Section 1123) under which he is being prosecuted provides: "That if he, either before or after conviction, shall give bond, with one or more sureties, * * * for the maintenance and support of the defendant's wife * * *, he shall not be imprisoned or

the fine imposed until the condition of said bond is broken." Thus the Court of General Sessions would be enforcing the fulfilment of a civil right and liability of which the defendant has been relieved by the Court of Common Pleas.

It is my opinion that the trial Judge properly admitted in evidence the decree of Judge Lide in the civil actions, and that he properly directed a verdict of not guilty.

MR. ASSOCIATE JUSTICE STUKES concurs.