17475

CITY OF SPARTANBURG, Appellant, v. Florence Wood WINTERS, Respondent

(105 S. E. (2d) 703)

*E. C. Burnett, Jr., Esq., Spartanburg City Attorney,* of Spartanburg, *for Appellant,*

*Arnold R. Merchant, Esq.,* of Spartanburg, *for Respondent,*

*E. C. Burnett, Jr., Esq., Spartanburg City Attorney,* of Spartanburg, *for Appellant,*

November 12, 1958.

TAYLOR, Justice.

Respondent, Florence Wood Winters, while driving in the City of Spartanburg, was involved in an automobile collision with a car driven by a Mrs. Bogan, as a result of which she was charged with and found guilty in the Municipal Court of the City of Spartanburg with having violated Section 46-474, Code of Laws of South Carolina, 1952, which provides:

"Every driver of a vehicle approaching a stop sign shall stop before entering the crosswalk on the near side of the intersection or in the event there is no crosswalk shall stop at a clearly marked stop line but if none then at the point nearest the intersecting highway where the driver has a view of approaching traffic on the intersecting highway before entering the intersection except when directed to proceed by a police officer or traffic control signal."

Upon appeal to the County Court of Spartanburg County, The Honorable Charles M. Pace, Judge of said Court, issued an Order reversing the judgment and sentence of the Municipal Court and entered judgment of Acquittal, stating:

"The present matter comes as an appeal from the Municipal Court of the City of Spartanburg. Appellant was tried before the Recorder without a jury on or about January 17, 1958, pursuant to a summons which charged her with violation of Section 46-304 of the 1952 Code. At the trial by agreement, the charge was changed to violation of Section 46-474.

"The court has carefully reviewed the verbatim record of the trial; and, it appears therefrom that there was insufficient evidence before the Recorder to sustain a conviction of violating Section 46-474.

"It is true that appellant was involved in a collision at the intersection in question, S. Hampton Drive and Irwin Avenue, and that there was a stop sign which required her to stop. The only testimony on this point was that of the appellant herself and she testified that she did stop. The phys-

ical evidence indicated that the car with which her car collided skidded a distance of 28 feet. There is nothing from the physical evidence to support an inference that appellant did not stop. Accordingly, the evidence does not meet the reasonable doubt test and that of presumed innocence. Accordingly, the conviction and sentence are hereby set aside and judgment of acquittal entered. It Is So Ordered."

From this Order, the City of Spartanburg appeals upon three exceptions, as follows:

"1. That his Honor erred in reversing the finding of the City Recorder, the error being that since the City Recorder was sitting as judge and jury, the credibility of the witnesses and findings of fact by City Recorder have the same effect as findings of jury.

"2. That his Honor erred in reversing the judgment and sentence of the City Recorder, the error being that there was sufficient testimony and evidence to require a determination by the jury.

"3. That his Honor erred in reversing the judgment and sentence of the City Recorder, the error being that from evidence and testimony there is no other reasonable inference that the Defendant violated Section 46-474, Code of Laws of South Carolina, 1952."

Respondent in her brief discusses the questions presented by Appellant then sets forth by way of an additional sustaining ground that the City does not have the right of appeal from an Order of Acquittal.

We have examined the evidence carefully and are in accord with the finding of Judge Pace that there is no evidence to support the conviction of Respondent. Further, the finding by the Judge of the County Court of Spartanburg that Mrs. Florence Wood Winters was not guilty is an acquittal on such charge and an appeal from such judgment by the City of Spartanburg will not lie. *State v. Wright,* 3 Brev. 421; *State v. Bowen,* 4 McCord 254; *State v. Edwards,* 2 Nott & McC. 13, 10 Am. Dec. 557; *State v.*

530

*Gathers,* 15 S. C. 370; *State v. Ivey,* 73 S. C. 282, 53 S. E. 428; *State v. Johnson,* 76 S. C. 39, 56 S. E. 544; *State v. Lynn,* 120 S. C. 258, 113 S. E. 74; *State v. Ludlam,* 189 S. C. 69, 200 S. E. 361; *State v. Rogers,* 198 S. C. 273, 17 S. E. (2d) 563.

For the foregoing reasons, we are of opinion that the appeal must be dismissed; and It Is So Ordered. Affirmed.

STUKES, C. J., and OXNER, LEGGE and Moss, JJ., concur.