18035

The STATE, Respondent, v. Albert L. CAMPBELL, Appellant

(129 S. E. (2d) 902)

*Messrs. Anderson & Doyle,* of Anderson, *for Appellant,*

*Messrs. John K. Grisso, Solicitor* and *E. Harry Agnew,* of Anderson, *for Respondent,*

February 28, 1963.

Moss, Justice.

Albert L. Campbell, the appellant herein, was indicted, tried and convicted at the May 1962 term of the Court of General Sessions for Anderson County, upon a charge of failure to support his wife. The appellant was convicted for violation of Section 20-303 of the 1952 Code of Laws, which provides:

"Any able-bodied man or man capable of earning or making a livelihood who shall, without just cause or excuse, abandon or fail to supply the actual necessaries of life to his wife * * * shall be guilty of a misdemeanor * * *."

Upon trial, the appellant offered no testimony but attempted to introduce into evidence an exemplified copy of the divorce proceedings and the final decree of the Superior Court of Richmond County, Georgia, granting him an absolute divorce from his wife. The Trial Judge sustained the objection of the State to this proffered evidence and refused to permit cross-examination of the wife concerning her marital status and her knowledge of the aforesaid divorce.

After conviction, the appellant moved to set aside the verdict and grant him a new trial on the ground that the Trial Judge erred in excluding from the evidence the exemplified copy of the Georgia divorce proceedings and in refusing to permit the appellant to cross-examine the prosecuting witness with reference to her marital status with the appellant and her knowledge of the divorce. This motion was refused and this appeal followed.

The testimony in behalf of the State was that Annie H. Campbell and the appellant were married in 1931; they separated on August 17, 1961, and after such the appellant has not furnished his wife any support, even though he is an able-bodied man and capable of earning a livelihood. It was also testified that he owns the Anderson Electric Company with an income therefrom of approximately $30,000.00

per year. The foregoing testimony made out a *prima facie* case against the appellant.

It is the position of the appellant that he procured ■ in the Superior Court of Richmond County, Georgia, a Court of competent jurisdiction, a valid divorce from his wife, the prosecuting witness in the present case, and that such decree afforded him immunity from prosecution for his failure to support her. He argues that the language contained in Section 20-303 of the Code, above quoted, gives him the right to show that he has "just cause or excuse" for his failure to support his former wife. The appellant admits that he has the burden of proving by the preponderance of the evidence that "just cause or excuse" existed for his failure to support his wife and cites as authority therefor the case of *State v. Goins,* 122 S. C. 192, 115 S. E. 232. It is the rule in this State that where a defendant in a nonsupport case asserts just cause or excuse for his failure to support his wife, the burden rests upon him to prove it. *State v. Sutherland,* 217 S. C. 259, 60 S. E. (2d) 591, and *State v. Collins,* 235 S. C. 65, 110 S. E. (2d) 270.

A valid decree of divorce affords the husband im- ■ munity from prosecution for abandonment and nonsupport. *Lacey v. Lacey,* 189 Mich. 271, 155 N. W. 489. An invalid divorce will, of course, constitute no bar to the conviction of the husband. *State v. Dickinson,* 191 La. 266, 185 So. 20; *Price v. State,* 46 Okl. Cr. 96, 287 P. 1064, 42 C. J. S. Husband and Wife para. 635d, at page 293.

If the appellant obtained in the Courts of Georgia a valid decree of divorce from his wife, then such would operate to absolve him from prosecution under Section 20-303 of the Code. However, if the Georgia decree of divorce was invalid, it would constitute no bar to a prosecution of the appellant for nonsupport.

We have examined the exemplified copy of the divorce proceedings of the Superior Court of Richmond County,

Georgia, tendered as evidence in this case, and find same regular upon its face. However, the State challenges the validity thereof upon the ground that the Georgia Court lacked jurisdiction to grant such divorce. Thus, an issue was made in this case as to whether the Georgia divorce granted the appellant was valid or invalid.

It is the well settled law of this State that the want of jurisdiction over either the person or the subject matter is open to inquiry where a judgment rendered in one State is here challenged. It is proper for the Courts of this State to inquire into the validity of a divorce granted in another State so far as its validity depends upon the jurisdiction of the Court granting such divorce. *Taylor v. Taylor,* 229 S. C. 92, 91 S. E. (2d) 876. It was held in *Thompson v. Whitman,* 85 U. S. 457, 21 L. Ed. 897, that the full faith and credit clause of the Federal Constitution did not prevent an inquiry into the jurisdiction of the Court by which a judgment offered in evidence was rendered; that the record of a judgment rendered in another State might be contradicted as to the facts necessary to give the Court jurisdiction, and that if it should appear such facts did not exist, the record would be a nullity, notwithstanding a recital in the judgment that such facts did exist. It follows that the jurisdiction of a Court granting a divorce in one State may be impeached in another and if it appear that neither party had acquired a bona fide domicile when and where the proceedings were instituted, notwithstanding a recital of the jurisdictional fact and evidence supporting it, the decree annulling the marriage would be void and entitled to no recognition in this State under the full faith and credit clause of the Federal Constitution. We so held in *State v. Westmoreland,* 76 S. C. 145, 56 S. E. 673, 8 L. R. A., N. S., 842. In this connection we call attention to the famous case of *State v. Williams et al.,* 224 N. C. 183, 29 S. E. (2d) 744, as affirmed by the Supreme Court of the United States in 325 U. S. 226, 65 S. Ct. 1092, 89 L. Ed. 1577.

We think the Trial Judge should have admitted into evidence the exemplified copy of the divorce proceedings of the Georgia Court when such was tendered by the appellant.

In the case of *State v. Donzi,* 133 La. 925, 63 So. 405, it was held that, in a prosecution for desertion and nonsupport, a decree annulling the marriage would be admissable in evidence to relieve the defendant of liability. In *Halbrook v. State,* 34 Ark. 511, a prosecution for bigamy, it was held error to refuse to permit the defendant to introduce in evidence a decree of divorce obtained by his former wife, for the purpose of showing that he was not under disability at the time he entered into the marriage in question. In 87 A. L. R., at page 1263, we find the following: "And it seems that where a judgment fixes a status, as in the case of a decree of divorce or annulment, and that fact is material in a criminal prosecution, the judgment may be received to prove that fact, but not to prove any disputed fact on which the judgment was rendered, such as the ground for divorce." See also 20 Am. Jur., Evidence, Section 1012, at page 856.

In the case of *State v. Rogers,* 198 S. C. 273, 17 S. E. (2d) 563, the defendant was indicted for nonsupport. Upon the trial he relied solely for his defense upon a decree of the Circuit Court made in an alimony proceeding, in which the defendant and his wife were parties, on the ground that the order or decree denying alimony in that case had fixed the status of the parties as to his liability for support. On motion of the defendant, the Trial Judge held that the alimony proceedings settled the status of the parties, was a bar to the criminal prosecution, and directed the jury to return a verdict of not guilty. The State appealed and assigned error upon the ground that the decree of the Circuit Court absolving the defendant from liability for alimony did not constitute a bar to a prosecution for nonsupport and contended further that the decree denying alimony was inadmissible. This Court dismissed the appeal and held that the State had no right to appeal from a judgment acquitting the husband in a

prosecution for nonsupport of his wife. However, in passing upon the question of whether the Circuit Court erred in admitting the alimony decree in evidence, two of the Justices held that the alimony proceeding did not constitute a bar to the criminal prosecution, nor was it admissible in evidence on the instance either of the State or the accused. The other two Justices, there being only four participating in the opinion, concurred in dismissing the appeal on the ground that the State had no right to appeal from a judgment acquitting a husband in a prosecution for nonsupport of his wife, but they were of opinion that the decree in the civil action was properly admitted in evidence and, based thereon, the Trial Judge properly directed a verdict of not guilty.

The State relies on the *Rogers* case to sustain the Trial Judge's refusal to admit as evidence the exemplified copy of the divorce proceedings when it was offered by the appellant. We do not think that the decision in the *Rogers* case is a precedent which requires us to hold that the Trial Judge properly refused to admit into evidence the exemplified copy of the Georgia divorce proceeding.

In the *Rogers* case a decree of the Circuit Court was admitted as evidence over the objection of the State. One of the grounds of appeal by the State was that such evidence was incompetent and inadmissible. However, only two of the Justices participating in the *Rogers* case held that the decree was inadmissible. This was not a reversal of the ruling of the Trial Judge because the Constitution of 1895, Article V, section 12, provides that, "[T]he concurrence of three of the Justices shall be necessary for a reversal of the judgment below * * *." Since only two of the Justices were of the opinion that the lower Court erred in the admission of the aforesaid decree, such did not have the effect of reversing the ruling of the Trial Judge. In *Hutchinson v. Turner*, 88 S. C. 318, 70 S. E. 410 and 70 S. E. 806, it was held that under Article V, section 12, of the 1895 Constitution of this State, that it is necessary to have the concurrence of three

Justices to reverse a judgment below, but such judgment may be affirmed by an equal division of four Justices.

In the case of *Moseley v. American National Ins. Co.,* 167 S. C. 112, 166 S. E. 94, this Court, in discussing the case of *Stanton v. Equitable Life Assurance Society,* 137 S. C. 396, 135 S. C. 367, as binding authority and precedent, said:

"* * * the *Stanton Case* was decided by a divided court, two justices were for affirmance, two for reversal, and the fifth justice concurred only in the result of the main opinion. Under these conditions it has been held that such cases shall not be considered as precedents, but establish the law only as to the particular case."

We think the Trial Judge committed error in refusing to admit in evidence the divorce proceeding of the appellant had in the Courts of Georgia. The mere offering of this proceeding, including a decree of divorce, does not prove it was valid and the same may be impeached by showing that the Courts of Georgia had not acquired jurisdiction to grant the divorce.

The judgment of the lower Court is reversed and this case remanded for a new trial.

Reversed and remanded.

TAYLOR, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.