19452

Bonnie W. SEYMOUR, Respondent, v. Frank R. SEYMOUR, Appellant

(190 S. E. (2d) 502)

*Mr. Charles E. Hedgepath,* of Columbia, and *Grace Wilkey Thomas,* of Atlanta, Georgia, *for Appellant,*

*Messrs. Abrams, Bowen* and *Townes,* of Greenville, *for the Respondent,*

*Mr. Charles E. Hedgepath,* of Columbia, and *Grace Wilkey Thomas,* of Atlanta, Georgia, *for Appellant,*

July 17, 1972.

LEWIS, Justice:

The issues in this appeal involve, basically, the question of whether the lower court was in error in according full faith and credit to a default divorce, child custody, and support decree, issued on January 22, 1970 by the District Court of Shawnee County, Kansas, in favor of the respondent-wife against the appellant-husband.

The Kansas decree recites that the parties were married on October 21, 1960, in Laurens County, South Carolina, and two children were born of the marriage. It appears that the wife instituted a divorce action and obtained the default divorce, child custody, and support decree in question while the husband was in Vietnam on active duty in the military service. After the entry of the Kansas decree, the wife brought this action on February 8, 1971 to have the Greenville County Family Court enforce its provisions. In response, the husband filed an answer in which he challenged

the validity of the Kansas decree upon jurisdictional grounds and sought custody of the children or, in the alternative, reasonable visitation rights with them.

The parties and their counsel appeared for a hearing before the Judge of the Greenville County Court on July 12, 1971. No testimony was taken, although appellant requested that the court do so. The record of the hearing before the lower court consists mainly of a copy of the Kansas decree and a long colloquy between the court and counsel for the parties, following which the order under appeal was issued, giving full faith and credit to the Kansas decree and, in general, granting enforcement of its provisions as sought by the wife.

The question concerning the jurisdiction of the Kansas Court involved factual issues which vitally affected the granting of the relief sought in the case. The parties were entitled to an evidentiary hearing on these issues. As pointed out in *State v. Campbell,* 242 S. C. 64, 129 S. E. (2d) 902, the full faith and credit clause of the Federal Constitution did not prevent an inquiry into the jurisdiction of the court by which a judgment offered in evidence was rendered; and the record of a judgment rendered in another State might be contradicted as to the facts necessary to give the court jurisdiction, notwithstanding a recital in the judgment that such facts did exist.

The failure of the court to hold an evidentiary hearing on the factual issues requires that the judgment be reversed and the cause remanded for a new trial.

Exceptions have also been filed to the order of the lower court settling the case for appeal. The additional matters which appellant sought to have included in the record have not been printed and their nature is not disclosed. Appellant has therefore failed to carry the burden of showing error as alleged. These exceptions are overruled.

The order settling the case for appeal is affirmed; otherwise, the judgment of the lower court is reversed and the cause remanded for a new trial.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.