510 S.E.2d 225

The STATE, Appellant,

v.

Randy WHETSTONE, Respondent.

No. 2908.

Court of Appeals of South Carolina.

Submitted Nov. 4, 1998.

Decided Nov. 23, 1998.

A.F. Carter, III, of Carter Law Firm, of Orangeburg, for respondent.

Attorney General Charles M. Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott and Assistant Attorney General Caroline Callison Tiffin, all of Columbia; and Solicitor Walter M. Bailey, of Summerville, for appellant.

PER CURIAM:

The State appeals from an order of the circuit court that affirms the magistrate's court's dismissal of charges against

the defendant Randy Whetstone for ill-treatment of animals in violation of S.C.Code Ann. § 47–1–40 (Supp.1997). We reverse and remand.

An assistant solicitor, on February 17, 1995, transferred charges of second offense ill-treatment of animals made against Whetstone on December 29, 1994, to the magistrate's court for disposition by merely signing a general sessions docket report or "transfer sheet" and sending the arrest warrants to the magistrate. On April 29, 1996, a jury was selected to hear the case. The magistrate's court thereafter notified the parties that it had set the case for a jury trial on January 6, 1997 at 9:30 a.m. Upon receipt of the notice, a special prosecutor for the state wrote the magistrate, with a copy to defense counsel, reminding the magistrate that the penalty for the offenses exceeded the magistrate's court's jurisdiction. The magistrate's court, however, went ahead with the scheduled trial. After the state's special prosecutor failed to appear, the magistrate empaneled the jury, found Whetstone not guilty, and dismissed the charges against him. The magistrate's court subsequently denied the state's motion to vacate its order. The circuit court affirmed the magistrate's court's dismissal of the charges against Whetstone.

Absent compliance with 1993 S.C.Acts 174 section 1(B),[1] the magistrate's court would have lacked jurisdiction of the subject matter to dispose of charges for second offense ill-treatment of animals, an offense for which the prescribed penalty is a term of "imprisonment not exceeding ninety days" or "a fine not exceeding eight hundred dollars, or both." S.C.Code Ann. § 47–1–40 (Supp.1997); *see id.* § 22–3–540 (1976) (statute granting the magistrate's court "exclusive jurisdiction of all criminal cases in which the punishment does not exceed a fine of one hundred dollars or imprisonment for thirty days"). Here, there was no compliance with 1993 S.C.Acts 174 section 1 because (1) there was no petition addressed to a circuit judge wherein the state requested a transfer of the charges against Whetstone from the general

---

1. This was the statute that, at the time of these events, prescribed the procedure whereby certain cases could be transferred from the court of general sessions to the magistrate's court. The statute is currently codified at S.C.Code Ann. § 22–3–545(B) (Supp.1997), with minor amendments.

sessions court docket to the docket of the magistrate's court, (2) there was no notice to the defendant that "fully apprise[d] the defendant of his right to have his case heard in general sessions court" and of "the difference in jury size in magistrate's ... court and in general sessions court," (3) there was no opportunity by both parties to be heard on the petition for transfer, and (4) there was no grant by the circuit judge of the petition for transfer. Because these conditions were not met, the magistrate's court had no jurisdiction to dispose of the charges against Whetstone.[2] Its action in finding Whetstone not guilty and dismissing the charges against him, therefore, was a nullity and constitutes no bar to the state's prosecution of Whetstone for those offenses in a court of competent jurisdiction. *State v. Howell*, 220 S.C. 178, 66 S.E.2d 701 (1951).

We therefore reverse the judgment of the circuit court and direct it to vacate the magistrate's court's order dismissing the charges against Whetstone and finding him not guilty.

**REVERSED AND REMANDED.**

CURETON, GOOLSBY and HOWARD, JJ., concur.

---

2. 1993 S.C.Acts 174 § 1(B)(3) (now S.C.Code Ann. § 22-3-545(B)(3) (Supp.1997)) also provided that cases not disposed of by the magistrate's court within one hundred eighty days from the date of transfer automatically reverted to the docket of the general sessions court. Here, the date of the purported transfer was February 17, 1995, a date long before April 29, 1996, the date the jury selected to hear the case was chosen, and January 7, 1997, the date the magistrate's court dismissed the case.