600 S.E.2d 68

**The STATE, Appellant,**

v.

**Elaine P. BELVISO, Respondent.**

**No. 3809.**

Court of Appeals of South Carolina.

Heard May 12, 2004.

Decided June 1, 2004.

Rehearing Denied Aug. 18, 2004.

---

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh and Assistant Attorney General Deborah R.J. Shupe, all of Columbia; and Solicitor Thomas E. Pope, of York, for Appellant.

Christopher A. Wellborn, of Rock Hill, for Respondent.

KITTREDGE, J.:

We are asked to determine whether the circuit court, in its appellate capacity, has jurisdiction to hear an appeal from a magistrate court's pre-trial ruling that precludes or significantly impairs the prosecution of a criminal case. We hold the circuit court has jurisdiction over such an appeal. The contrary decision of the circuit court is reversed, and the matter is remanded.

## *FACTS*

Elaine P. Belviso was arrested and charged with driving with an unlawful alcohol concentration and violating the open container law. The magistrate, relying on *State v. Jackson*, 302 S.C. 313, 396 S.E.2d 101 (1990), dismissed the open container charge because the State did not preserve the container or the alcoholic beverage. The magistrate also suppressed critical evidence relating to the charge of driving with an unlawful alcohol concentration.[1]

The State appealed the magistrate's rulings and moved for a stay of further magistrate court proceedings pending resolution of the appeal. The magistrate's rulings effectively precluded prosecution of the State's case. The circuit court granted the motion for a stay.

The circuit court, relying exclusively on section 18–3–10 of the South Carolina Code of Laws, held it did not have jurisdiction to hear an interlocutory appeal from a magistrate's court. The circuit court dismissed the appeal. The State appeals.

## *DISCUSSION*

We agree with the State that the circuit court has jurisdiction to entertain the State's appeal from the magistrate's pre-trial rulings that would preclude prosecution of the open container charge [2] and significantly impair the State's ability

---

1. Belviso makes no challenge to critical nature of the evidence encompassed in the magistrate's pre-trial rulings.

2. The open container charge was dismissed pre-trial on the legal ground of a purported violation of the holding in *State v. Jackson*, 302 S.C. 313, 396 S.E.2d 101 (1990). Therefore, the dismissal of the charge is appealable. *See State v. Rowlands*, 343 S.C. 454, 539 S.E.2d 717 (Ct.App.2000) (addressing merits of State's appeal where magistrate dismissed charge on a legal ground); *State v. Dasher*, 278 S.C. 395, 400, 297 S.E.2d 414, 417 (1982) (noting that "[i]t is undisputed that the State may appeal where the verdict is set aside wholly upon an error of law"); *State v. Ridge*, 269 S.C. 61, 236 S.E.2d 401 (1977) (allowing appeal of trial court's dismissal of indictments on legal grounds); *but cf. State v. McWaters*, 246 S.C. 534, 144 S.E.2d 718 (1965) (stating there is no right of appeal from a trial court's dismissal of a charge at the directed verdict stage based upon insufficiency of evidence); *State v. Ludlam*, 189 S.C. 69, 200 S.E. 361 (1938) (noting that the trial court's

to proceed with the prosecution of the unlawful driving charge.[3]

The circuit court relied exclusively on section 18–3–10 of the South Carolina Code of Laws (Supp.2003) in ruling the circuit court did not have jurisdiction to hear the State's appeal. Section 18–3–10 provides: "Every person convicted before a magistrate of any offense whatever and sentenced may appeal from the sentence to the Court of Common Pleas for the county." The circuit court reasoned that because section 18–3–10 only permits appeals by those convicted and sentenced in magistrate's court, the circuit court has no authority to hear an appeal from magistrate's court prior to conviction and sentence.

 The circuit court's narrow reliance on this statutory provision is misplaced, for in South Carolina, the State's right to appeal is defined by our judicial decisions, not statutory law. *State v. McKnight,* 353 S.C. 238, 238, 577 S.E.2d 456, 457 (2003). Because the State's right to appeal in criminal cases is a judicially created right, we turn to our judicial decisions, which uniformly support the circuit court's jurisdiction to hear the State's appeal in this matter. We begin with the settled principle that "[a] pre-trial order granting the suppression of evidence which significantly impairs the prosecution of a criminal case is directly appealable under S.C.Code Ann. § 14–3–330(2)(a) (1976)." *State v. McKnight,* 287 S.C. 167, 168, 337 S.E.2d 208, 209 (1985). Under *McKnight,* the State has the right to immediately appeal a trial court's suppression of evidence which significantly impairs the prosecution of the case. There is additional precedent refuting Belviso's position, adopted by the circuit court, that no appeal may be taken from a magistrate's court until a defendant is convicted and sentenced. In *State v. Jansen,* 305 S.C. 320, 408 S.E.2d 235

dismissal of a charge following receipt of evidence based on insufficiency of the evidence is not appealable).

3. The issue presented is one of subject matter jurisdiction, for we are confronted with a challenge to the circuit court's "power to hear and determine" appeals from the magistrate courts and municipal courts dismissing charges and pre-trial rulings suppressing evidence which significantly impair the prosecution of a criminal case. *Dove v. Gold Kist, Inc.,* 314 S.C. 235, 237, 442 S.E.2d 598, 600 (1994); *see also State v. Brown,* 358 S.C. 382, 596 S.E.2d 39 (2004).

(1991), the magistrate suppressed evidence relating to a driving under the influence (DUI) charge. The State appealed to the circuit court and the circuit court affirmed. *Id.* at 321, 408 S.E.2d at 236. Although the appeal was interlocutory, the circuit court and the supreme court heard the appeal. *State v. Whetstone*, 333 S.C. 376, 510 S.E.2d 225 (Ct.App.1998) also supports the circuit court's exercise of jurisdiction over the State's appeal from the magistrate's pre-trial rulings. The circuit court in *Whetstone*, as well as this court, heard the State's appeal from the magistrate court's dismissal of a charge. *Id.* at 377, 510 S.E.2d at 225–26. Similarly, in *State v. Rowlands*, 343 S.C. 454, 456, 539 S.E.2d 717, 718 (Ct.App. 2000), the circuit court and this court exercised jurisdiction over the State's appeal from the magistrate court's dismissal of a DUI charge. This authority provides ample support for the circuit court's ability to hear the State's appeal from the magistrate court's pre-trial rulings dismissing the open container charge and suppressing critical evidence in connection with the charge of driving with an unlawful alcohol concentration.

We further conclude this result is consistent with the intent of the Legislature, especially when our statutory law is considered in its entirety. Section 18–3–10 cannot properly be read in isolation. Chapter 1 of Title 18 of the South Carolina Code of Laws provides general guidelines for appeals in civil and criminal actions. For example, section 18–1–30 provides that "[a]ny party aggrieved may appeal in the cases prescribed in this Title." Section 18–1–130 authorizes appeals from "any intermediate order involving the merits and necessarily affecting the judgment." Chapters 3 and 5 of Title 14 of our code of laws contain further confirmation of the circuit court's power to hear the State's appeal. Section 14–3–330, as held in *McKnight*, 287 S.C. at 168, 337 S.E.2d at 209, permits an interlocutory appeal when the order "in effect determines the action ... or discontinues the action." Section 14–5–340 expressly authorizes the circuit court to "hear appeals from magistrates' courts and municipal courts...." The foregoing sampling of statutes repudiates the nonsensical view of legislative intent urged by Belviso. Belviso's myopic view of section 18–3–10 would require us to ignore other pertinent statutes and lead to a rule foreclosing *any* possibility of review of

intermediate orders from magistrates' courts and municipal courts. That would be "a result so plainly absurd that it could not possibly have been intended by the Legislature. . . ." *Kiriakides v. United Artists Communications, Inc.,* 312 S.C. 271, 275, 440 S.E.2d 364, 366 (1994). In construing the statutory scheme as a whole, we "escape the absurdity" and give efficacy to the manifest intention of the General Assembly. *Id.* In doing so, our judicial decisions addressing the "right of appeal" are in accord with legislative intent.

## CONCLUSION

The circuit court, in its appellate capacity, has jurisdiction to entertain the State's appeal from the magistrate's pre-trial rulings dismissing the open container charge and suppressing evidence which significantly impairs the prosecution of the unlawful driving charge. The decision of the circuit court is **REVERSED** and the matter is **REMANDED** for further proceedings.

ANDERSON and HUFF, JJ., concur.