THIS OPINION HAS NO PRECEDENTIAL VALUE

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Appellant/Respondent,
 v.
 Charles L. Cummins, III, Respondent/Appellant.
 
 
 

Appeal From Spartanburg County
Roger L. Couch, Circuit Court Judge
Unpublished Opinion No. 2008-UP-174
Submitted March 4, 2008  Filed March 13,
 2008
DISMISSED, DENIED, REMANDED

 
 
 
 Charles H. Sheppard and Rachel D. Erwin, of Blythewood; 
 
 for Appellant-Respondent.
 P. Christopher Smith, Jr. and Desa Ballard, of W. Columbia;
 
 Robert T. Usry and Robert M. Holland, of Spartanburg; 
 for Respondent-Appellant.
 
 
 

PER CURIAM: In
 this cross-appeal, the defendant, Charles L. Cummins, III, appeals a
 magistrates pre-trial ruling that the videotape from the incident site of an
 alleged DUI should not be suppressed from evidence at trial.  The State also
 appeals claiming the magistrate erred in ruling the videotape of a breathalyzer
 test and the breathalyzer results should be suppressed from evidence at trial
 due to an incomplete Miranda warning.    
We dismiss Cummins appeal regarding the
 failure to suppress the videotape from the incident site of the alleged DUI
 pursuant to Rule 220(b)(2), SCACR, and the following authorities: see State v. Miller,
 289 S.C. 426, 346 S.E.2d 705 (1986) (stating a criminal defendant may not
 appeal until sentence is imposed); South Carolina
 Code Section 14-3-330 (1976) and Rule 201(a), SCACR (stating only final
 judgments and limited interlocutory orders are appealable); Good v. Hartford Acc. & Indemn. Co., 201 S.C. 32, 21 S.E.2d 209, 212 (1942) (a final judgment is one which operates to divest some right in
 such a manner as to put
 it beyond the power of the Court making the order to place the parties in their
 original condition after the expiration of the term; that is, it must put the
 case out of Court, and must be final in all matters within the pleadings); Mid-State
 Distributors, Inc. v. Century Importers, Inc., 310 S.C. 330, 334, 426
 S.E.2d 777, 780 (1993) (stating orders involving the merits must finally
 determine some substantial matter forming the whole or a part of some cause of
 action or defense and orders affecting a substantial right must discontinue
 an action, prevent an appeal, grant or refuse a new trial, or strike out an
 action or defense).
We deny the States
 appeal regarding suppression of the breathalyzer
 results and videotape of the breathalyzer test pursuant to Rule 220(b)(2),
 SCACR, and the following authorities: see State v. Pichardo,
 367 S.C. 84, 96, 623 S.E.2d 840, 846-47 (Ct. App. 2005) (the States right to
 appeal in a criminal case is a judicially created right); State v. Belviso,
 360 S.C. 112, 115, 600 S.E.2d 68, 70 (Ct. App. 2004) (citing State v.
 McKnight, 287 S.C. 167, 337 S.E.2d 208 (1985)) ([a] pre-trial order
 granting the suppression of evidence which significantly impairs the
 prosecution of a criminal case is directly appealable under S.C. Code Ann. §
 14-3-330(2)(a) (1976)); State v. Kinner, 301 S.C. 209, 210, 391 S.E.2d
 251, 252 (1990) (noting testimony of defendants erratic driving and strong
 odor of alcohol support a conviction of driving under the influence).  
Accordingly the
 order of the trial court is affirmed and the case is remanded for trial.
ANDERSON, SHORT, and THOMAS, JJ., concur.