**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Appellant,

v.

Raymond Franklin, Respondent.

Appellate Case No. 2012-212013

Appeal From Laurens County
Eugene C. Griffith, Jr., Circuit Court Judge

Unpublished Opinion No. 2014-UP-110
Heard February 4, 2014 – Filed March 12, 2014

**REVERSED AND REMANDED**

Attorney General Alan McCrory Wilson and Assistant Attorney General William M. Blitch, Jr., both of Columbia, for Appellant.

Matthew Price Turner, of Turner & Burney, PC, of Laurens, for Respondent.

**PER CURIAM:** A grand jury indicted Raymond Franklin for second-degree assault and battery. Franklin gave two statements to the police, and following a pre-trial hearing, the trial court suppressed Franklin's second statement, finding the

statement was involuntary. The State appeals, arguing the trial court erred in suppressing Franklin's second statement because the evidence in the record indicates the statement was not induced by threats or violence, obtained by any direct or implied promises, nor was it obtained by exertion of improper influence such that Franklin's will was overborne. Additionally, the State contends the trial court erred in relying on the officers' fact suggestions to find the statement was involuntary. We reverse and remand.

**FACTS**

On August 6, 2010, Franklin met with Agent Jeff Kindly, of the State Law Enforcement Division, and gave his first statement. Kindly explained he advised Franklin of his *Miranda*[1] rights by giving him a departmental form, including a waiver section at the bottom of the form. Kindly averred Franklin appeared to understand his rights, did not have difficulty understanding the waiver form, and did not appear to be under the influence of any alcohol or drugs at the time he signed the form.

On August 25, 2010, Franklin voluntarily returned to the police station to submit to a polygraph test. Sergeant Nate Brooks, an investigator and forensic interviewer with the Greenville County Sheriff's Office, conducted the polygraph test with only him and Franklin in the room. Brooks maintained he advised Franklin of his *Miranda* rights by providing him with a copy of the office's "standard waiver-of-rights form" that the office uses when conducting interviews. Brooks explained he "basically read [the form] off to [Franklin] and asked him if he understood it, and [Franklin] said he did. And [Franklin] initialed beside each section that [Brooks] read off and then signed it down at the bottom." According to Brooks, Franklin did not have any difficulty understanding his rights.

After the polygraph test, Brooks left the room and Kindly again met with Franklin. During this meeting, Franklin gave his second statement. Brooks admitted there was a two hour gap between the time Franklin signed the waiver form and time Franklin spoke with Kindly.

Prior to trial, after listening to relevant portions of the August 25, 2010 recorded meeting with Franklin, the trial court found Franklin's second statement was

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 444 (1966).

involuntary. The trial court stated it was concerned with the officers saying things such as "they're going to want to know about this, and you need to put something in there about that." The trial court found the officers made suggestions as to the facts Franklin should include in the statement. Accordingly, the trial court granted Franklin's motion to suppress the second statement. When the parties returned the next day to begin trial, the State indicated it had filed a notice of appeal and moved the trial court for a continuance, arguing it could not properly proceed without the suppressed statement. Franklin objected to the continuance. The trial court stated it lost its jurisdiction when the State filed its notice of appeal. Therefore, the trial court did not make any further rulings and the action was stayed. This appeal followed.

## LAW/ANALYSIS

### I.     Immediately Appealable

Franklin argues the trial court's order is not immediately appealable. We disagree.

"An appeal ordinarily may be pursued only after a party has obtained a final judgment." *Hagood v. Sommerville*, 362 S.C. 191, 194, 607 S.E.2d 707, 708 (2005). However, "[a] pre-trial order granting the suppression of evidence which significantly impairs the prosecution of a criminal case is directly appealable." *State v. McKnight*, 287 S.C. 167, 168, 337 S.E.2d 208, 209 (1985). "Under *McKnight*, the State has the right to immediately appeal a trial court's suppression of evidence which significantly impairs the prosecution of the case." *State v. Belviso*, 360 S.C. 112, 115, 600 S.E.2d 68, 70 (Ct. App. 2004).

Franklin's second statement provides additional details as to his interactions with the victim. In his first statement, Franklin only admitted to kissing the victim and touching the victim's back to view a tattoo. However, in the second statement, Franklin admits to actually touching the victim's breast, thus, confirming the victim's claim. Therefore, the second statement is critical to prove the charges against Franklin, and the suppression of the statement would significantly impair the State's case. Accordingly, we hold the trial court's order is immediately appealable. *See McKnight*, 287 S.C. at 168, 337 S.E.2d at 209 (holding a pre-trial order granting the suppression of evidence that significantly impairs the prosecution of a criminal case is directly appealable).

### II.     Voluntariness of the Second Statement

The State argues the trial court abused its discretion in finding Franklin's second statement was involuntary. We agree.

"The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion." *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006). "An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law." *Id.* The test of voluntariness is whether a defendant's will was overborne by the circumstances surrounding the giving of a confession. *Dickerson v. United States*, 530 U.S. 428, 434 (2000).

"Coercive police activity is a necessary predicate to finding a statement is not voluntary." *State v. Miller*, 375 S.C. 370, 386, 652 S.E.2d 444, 452 (Ct. App. 2007). "Coercion is determined from the perspective of the suspect." *Id.* "A statement may not be 'extracted by any sort of threats or violence, [or] obtained by any direct or implied promises, however slight, [or] obtained by the exertion of improper influence.'" *Id.* (alterations in original) (quoting *State v. Rochester*, 301 S.C. 196, 200, 391 S.E.2d 244, 246 (1990)).

Given the totality of the circumstances, we find the trial court erred in finding Franklin's second statement was involuntary. *State v. Parker*, 381 S.C. 68, 85, 671 S.E.2d 619, 627 (Ct. App. 2008). Franklin voluntarily went to the police station on both occasions. Prior to his first statement on August 6, 2010, and his polygraph test on August 25, 2010, the officers read Franklin his rights, and Franklin acknowledged he understood them when he placed his initials on the line next to each. The officers testified they never promised Franklin anything in return for making a confession and denied ever threatening him.

Moreover, the conditions surrounding Franklin's confession do not indicate his statement was induced by coercion or by an oppressive environment. Franklin was present at the police station for approximately three hours before signing the second statement, which was not excessive under the circumstances. The recording shows Franklin's general demeanor was relaxed, calm, and cooperative. Further, when Franklin provided the second statement, he was not in a police-dominated atmosphere as only Kindly was present in the room. Likewise, contrary to Franklin's contentions, Brooks's statements to Franklin that he was concerned about Franklin's position at the sheriff's office, there were problems with his answers during the polygraph examination, there were "shades of gray" that

needed to be clarified, and Franklin needed to fill in the gaps regarding the facts in the statement, were not tantamount to coercion. Accepting as true Franklin's claim and the trial court's finding the officers suggested to Franklin that he should put something in his statement about the location of his touching of the victim, such suggestion does not amount to coercion. Franklin was sixty-three years old, a former deputy with the Laurens County Sheriff's Department with several years of experience in law enforcement, and he provided a medical waiver to participate in the police interviews.

Finally, although Franklin appears to argue his statement is inadmissible because he was not apprised of his *Miranda* rights directly before the second statement, he never asserted he was in custody and, therefore, entitled to his *Miranda* rights at the time he gave the statement. Conversely, the State maintains Franklin was never in custody and, therefore, his *Miranda* rights were never triggered. *State v. Silver*, 314 S.C. 483, 486, 431 S.E.2d 250, 251 (1993). We find the record establishes Franklin was not in custody at the time he gave the statement. Moreover, as previously noted, the officers advised him of the *Miranda* warnings twice before he gave the second statement.

Therefore, we find Franklin voluntarily gave the statement at issue. The evidence presented supports the conclusion that the State met its burden of establishing, by a preponderance of the evidence, the statement was given freely and voluntarily. Accordingly, we reverse because the trial court's suppression of Franklin's statement was an abuse of discretion. *State v. Pagan*, 369 S.C. at 208, 631 S.E.2d at 265 ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion.").

**CONCLUSION**

We hold the order is immediately appealable and the totality of circumstances surrounding Franklin's second statement establishes the trial court abused its discretion in finding the statement was involuntarily given and thus inadmissible at trial.

**REVERSED AND REMANDED.**

**WILLIAMS and KONDUROS, JJ., and CURETON, A.J., concur.**