16654

STATE v. RAVENCRAFT
(71 S. E. (2d) 798)

*Messrs. Nicholson & Nicholson* and *A. R. McElhaney,* of Greenwood, *for Appellant,*

*Mr. Hugh Beasley, Solicitor,* of Greenwood, *for Respondent,* 

July 28,. 1952.

TAYLOR, Justice.

Appellant was tried at the January, 1951, term of the Court of General Sessions for Greenwood County on an indictment charging him with burglary, assault with intent to ravish, and assault of a high and aggravated nature, before Honorable T. B. Greneker, Presiding Judge, and a jury. During the course of the trial, the State's witness, Mrs. Kathleen McKelley, testified that the appellant came into her home on the same night, a short period of time before he was alleged to have entered the home of the prosecuting witness, J. L. Haviard. The next morning, after her testimony had been admitted, appellant made a motion for a mistrial by reason of said testimony about this previous entry into the McKelley home and the motion was granted by the Court.

At a special term of the Court of General Sessions for Greenwood County in February, 1951, the appellant, a young white man, employed as a textile worker in Panola Mill at Greenwood, came on for trial again on the same indictment for the same offenses before Honorable T. B. Greneker, Presiding Judge, and a jury. During the course of this trial, the State's witness, Deputy Sheriff Raymond Anderson, testified without any objection or motion to strike that the appellant admitted going into the McKelley home on the same night just prior to the alleged offense for which he was being tried. This testimony came out while the State's witness was being examined in chief, and the Presiding Judge stopped the witness from testifying and ordered a

mistrial without a motion being made therefor and without objection from appellant.

At the June, 1951, term of the Court of General Sessions for Greenwood County, the appellant came on for trial on the same indictment, for the same offenses, before Honorable Steve C. Griffith, Presiding Judge, and a jury. At the June trial before Judge Griffith, the appellant interposed a plea of former jeopardy when the case was called for trial. Appellant's motion was reduced to writing and Judge Griffith heard the arguments thereon and overruled appellant's plea.

At the trials in January and February, appellant was tried upon a valid indictment; before a Court of competent jurisdiction; after he had been arraigned; after he had pleaded to the indictment; and after a competent jury had been impaneled and sworn. When appellant interposed his plea of former jeopardy in June, he contended that there was no legal necessity for the trial Judge to order a mistrial at his trial in February. The State opposed this contention.

The jury convicted appellant of burglary, with recommendation to mercy of the Court, and assault of a high and aggravated nature. Whereupon, the trial Judge sentenced the appellant to imprisonment on the Public Works of Greenwood County or in the State Penitentiary for a period of five years on each count, with the sentences to run concurrently.

Appellant now appeals to this Court contending that the Court erred in overruling appellant's plea of former jeopardy. The leading case on this subject in this state is *State v. Bilton,* 156 S. C. 324, 153 S. E. 269, 276, wherein it is stated:

" 'The American cases hold generally that there must be a manifest necessity for the discharge of the jury and leave the courts to determine in their discretion whether under all the circumstances of each case such necessity exists. When such necessity exists, a plea of former jeopardy will not

prevail on a subsequent trial. But if the jury are discharged without defendant's consent for a reason legally insufficient and without an absolute necessity for it, the discharge is equivalent to an acquittal, and may be pleaded as a bar to a subsequent indictment.' "

This is in line with the decisions of other jurisdictions that a manifest necessity for the discharge of the jury must exist, but whether or not such in fact does exist under the circumstances of the case must, of necessity, rest within the discretion of the Court.

In the instant case, appellant moved for a mistrial when the state produced testimony to the effect that the appellant had on the same night entered another home in the same community. The case came on for trial the second time before the same judge and on the same indictment, and a law enforcement officer who was testifying for the State, without being queried, voluntarily testified that appellant had confessed to entering the other home. It is difficult to believe that the law enforcement officer in attendance on the trial and interested in its outcome, was unaware of the Judge's ruling in the previous trial. It was clearly an attempt to get this testimony before the jury and the motive could hardly be said to be with the intention of aiding the appellant. When this occurred the jury was excused and appellant if he had changed his plan of defense and then had no objection to such testimony as it would tend to support his contention, at that time, that he was in such a state of mind that he was not aware of his whereabouts, could have apprised the Presiding Judge of such in the absence of the jury before they were recalled and a mistrial ordered for the second time. He had previously objected to such testimony and caused a mistrial of his own motion. Now in his silence, the trial Judge had no reason to suspect that appellant had changed his attitude. He readily saw the effect of such testimony and in his desire to see that appellant received a fair and impartial trial, which was his duty, ordered a mistrial which we think under the circum-

stances of this case was within his discretion and within the rule laid down in *State v. Bilton, supra.*

We are therefore of the opinion that all exceptions should be dismissed and it is so ordered.

BAKER, C. J., FISHBURNE and OXNER, JJ., and E. H. HENDERSON, Acting Associate Justice, concur.