## 20456

The STATE, Appellant, v. Gerald B. KIRBY and Charles King Stogner, Respondents.

(236 S. E. (2d) 33)

26

*Daniel R. McLeod, Atty. Gen., and Joseph R. Barker, Asst. Atty. Gen.,* of Columbia, *for Appellant.*

*Frank B. Register, Jr.,* of Lexington, *Wesley Waites, Jr.,* of West Columbia; *and William O. Kneece,* of Columbia, *for Respondents.*

· June 22, 1977.

Ness, Justice:

This is an appeal from the trial court's granting of a plea of former jeopardy. Upon a former trial for criminal conspiracy, at the close of the State's case, the respondents Kirby and Stogner were granted a brief recess to decide if they would offer any evidence. During this recess the solicitor damaged his dentures and was granted permission to go to his office to make repairs. He was later found unconscious in his apartment. The trial court recessed instructing the jury to return the next day.

The following morning the jury was apprised of the solicitor's death and the court *sua sponte* declared a mistrial.

When the case was next called for trial, the respondents entered a plea of former jeopardy which was granted on the grounds that the court in the prior trial failed to examine all of the circumstances and possibilities available before dictating a mistrial. We reverse.

"It is a rule of general recognition that one is in jeopardy when a legal jury is sworn and impaneled to try him, upon a valid indictment, in a competent Court, unless the jury before reaching a verdict be discharged with the prisoner's consent, or upon some ground of legal necessity or the verdict, if rendered, be set aside according to law." *Ex Parte Prince,* 185 S. C. 150, 159, 193 S. E. 429, 433 (1937). Also see *State v. Bilton,* 156 S. C. 324, 153 S. E. 269 (1930) and *State v. Stephenson,* 54 S. C. 234, 32 S. E. 305 (1898).

The theory of former jeopardy presupposes the imposition of the adjudicatory gauntlet only once when one is accused of a crime. This guarantee consists of three separate constitutional safeguards: (1) protection from prosecution for the same offense after acquittal; (2) protection against prosecution for the same offense after

conviction; and (3) protection from multiple prosecution for the same offense after an improvidently granted mistrial. The safeguards derive their constitutional proportion through Article 1, Section 12 of the South Carolina Constitution and the Fifth Amendment of the United States Constitution made applicable to the states through the due process clause of the Fourteenth Amendment. *Benton v. Maryland,* 395 U. S. 784, 89 S. Ct. 2056, 23 L. Ed. (2d) 707 (1969).

In *State v. Bilton, supra,* this Court cited and approved the following general authority:

· "The American cases hold generally that there must be a manifest necessity for the discharge of the jury and leave the Courts to determine in their discretion whether under all the circumstances of each case such necessity exists. When such necessity exists, a plea of former jeopardy will not prevail on a subsequent trial. But if the jury are discharged without defendant's consent for a reason legally in-. sufficient and without an absolute necessity for it, the discharge is equivalent to an acquittal and may be pleaded as a bar to a subsequent indictment." 156 S. C. at 342, 153 S. E. at 276. See also *State v. Ravencraft,* 222 S. C. 139, 71 S. E. (2d) 798 (1952).

The pivotal issue determinative of the constitutional prohibition against double jeopardy is thus the existence of "manifest necessity" for the mistrial.

"—[M]anifest necessity stands as a command to trial judges not to foreclose the defendant's option until a scrupulous exercise of judicial discretion leads to the conclusion that the ends of public justice would not be served by a continuation of the proceedings." *U. S. v. Jorn,* 400 U. S. 470, 485, 91 S. Ct. 547, 557, 27 L. Ed. (2d) 543 (1971).

The power of a court to declare a mistrial ought to be used with the greatest caution under urgent circumstances, and for very plain and obvious causes.

We agree that the constitutional prohibition against double jeopardy permits a retrial following a mistrial only if there was "manifest necessity" for the mistrial, and that the discretionary power of a court to declare a mistrial ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes. *U. S. v. Perez,* 9 Wheat 579, 6 L. Ed. 165 (1824). Nonetheless, the United States Supreme Court has recognized the broad discretion reserved to a trial judge in declaring a mistrial in the "varying and often unique situations arising during the course of a criminal trial." *Illinois v. Somerville,* 410 U. S. 458, 93 S. Ct. 1066, 35 L. Ed. (2d) 425 (1973). The Supreme Court in Somerville also quoted from *Gori v. United States,* 367 U. S. 364, 81 S. Ct. 1523, 6 L. Ed. (2d) 901 (1961):

"Where for reasons deemed compelling by the trial judge, who is best situated intelligently to make such a decision, the ends of substantial justice cannot be attained without discontinuing the trial, a mistrial may be declared without the defendant's consent and even over his objection, and he may be retried consistently with the Fifth Amendment." 93 S. Ct. at 1069.

The less than lucid test is therefore declared to be whether the mistrial was dictated by manifest necessity or the ends of public justice, the latter being defined as the public's interest in a fair trial designated to end in just judgment. *Illinois v. Somerville supra; Wade v. Hunter,* 336 U. S. 684, 69 S. Ct. 834, 93 L. Ed. 974 (1949).

Turning to the instant case we believe manifest necessity for the mistrial was clearly established. The solicitor's death effectively left the State without representation. The assistant solicitor had not been present for any of the trial and was totally unprepared to prosecute the remainder of the case. Additionally, Judge Timmerman's affidavit (stipulated to be part of the record, Transcript, page 30) indicated that the assistant solicitor was in no emotional

condition to continue the case. It is logically inferable that the continuation of the trial could have prejudiced the respondents. The death of the solicitor during his participation in his last case may have unfairly influenced the jury and a continuance would have necessitated an abeyance during which time the possibility of jury prejudice might have been enhanced. The same considerations apply equally to respondents' contention that someone from the Attorney General's Office could have continued to prosecute the case. Significantly, in *State v. Bilton, supra,* this Court by dicta approved holdings from other jurisdictions that a mistrial would be justified for the "illness of counsel when no assistant was capable of conducting the case."

The crux of respondents' argument is that the trial judge erred in granting the mistrial "without exploring possible other methods of proceeding." *State v. Bilton supra,* is relied upon for the proposition. A close reading of *Bilton* indicates only that manifest necessity need be shown and that the findings should be made in open court and appear in the record. It is not necessary for us to pass upon whether or not this record is sufficient due to Judge Timmerman's affidavit which is stipulated to be a part of the record. This affidavit indicates that Judge Timmercan did consider feasible alternatives prior to making his decision. In *Gori v. U. S., supra,* in which the granting of a mistrial by the trial judge was characterized by the court of appeals as "overzealous, too hasty, and over assiduous" and in which there was *no record* as to why the trial court granted the mistrial, the U. S. Supreme Court nevertheless affirmed a dismissal of the plea of former jeopardy.

Respondents argue, inter alia, that double jeopardy bars retrial because the trial was aborted without first consulting counsel or giving them an opportunity to object. This ordinarily may result in an undeniable bar to reprosecution. We think, however, that the facts in this particular case

militated in favor of a mistrial, and gave rise to the type of "manifest necessity" which permits retrial.

Reversed and Remanded.

LEWIS, C. J., and RHODES and GREGORY, JJ., concur.

LITTLEJOHN, J., not participating.