21346

The STATE, Respondent, v. Michael GAMBLE, Appellant.
(272 S. E. (2d) 796)

*Staff Atty. Vance J. Bettis,* of *S. C. Commission of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Brian P. Gibbes* and *Sally G. Young,* Columbia; and *Sol. Jim Dunn,* Georgetown, *for respondent.*

December 8, 1980.

NESS, Justice:

Appellant Michael Gamble appeals from the trial court's refusal to grant his plea of former jeopardy and his subsequent conviction for burglary. We affirm.

During appellant's first trial for burglary and larceny, a mistrial was declared when, after the State had begun presentation of its case, two of the thirteen (twelve regular and one alternate) petit jurors were excused because it was discovered that one was related to appellant and the other was related to the State's chief witness.

When the case was next called for trial, appellant entered his plea of former jeopardy which was denied by the trial court.

The sole issue to be decided is whether the trial court erred in refusing his plea of former jeopardy. We hold it did not.

*State v. Kirby,* 269 S. C. 25, 236 S. E. (2d) 33 (1977) is dispositive of the issue raised.[1] In *Kirby,* we held '[t]he pivotal issue determinative of the constitutional prohibition against double jeopardy is thus the existence of 'Manifest necessity' for the mistrial." And, quoting the United States Supreme Court in *Gori v. United States,* 367 U. S. 364, 368, 81 S. Ct. 1523, 1526, 6 L. Ed. (2d) 901 (1961):

"Where, for. reasons deemed compelling by the trial judge, who is best situated intelligently to make such a decision, the ends of substantial justice cannot be attained

[1] *See also:* cases collected at 22 C.J.S. Criminal Law § 259 (1959); 21 Am. Jur. (2d), Criminal Law, § 198 and § 199 (1965) for the proposition that manifest necessity is established by showing biased jurors on the jury panel.

without discontinuing the trial, a mistrial may be declared without the defendant's consent and even over his objection, and he may be retried consistently with the Fifth Amendment."

The test is whether the mistrial was dictated by manifest necessity or the ends of public justice; the latter being defined as the public's interest in a fair trial designated to end in just judgment. *Kirby, supra; Illinois v. Somerville,* 410 U. S. 458, 93 S. Ct. 1066, 35 L. Ed. (2d) 425 (1973).

We will not substitute our judgment regarding manifest necessity for that of the presiding trial judge, who was in the best position to decide whether the trial could continue and reach a fair and impartial result. Here, manifest necessity was established by the trial court's discovery of two biased jurors on the jury panel. We conclude jeopardy did not attach in the first trial because the mistrial was the result of manifest necessity and the trial court properly refused appellant's plea of former jeopardy.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.