21888

The STATE, Respondent, v. Albert PRINCE, Appellant.

(301 S. E. (2d) 471)

*J. Edward Bell, III*, of *Weinberg, Brown & McDougall*, Sumter, and *S. C. Com'n of Appellate Defense*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod, Asst. Attys. Gen. Harold M. Coombs, Jr.*, and *Martha L. McElveen*, Columbia, and *Sol. R. Kirk McLeod*, Sumter, *for respondent.*

March 22, 1983.

LITTLEJOHN, Justice:

The Defendant-Appellant, Albert Prince, was charged in an indictment with distribution of marijuana in violation of the state criminal statute. His case came to trial on July 2, 1981, resulting in a mistrial declared by the trial judge over the objection of his attorney. The case was rescheduled and came to be tried again on July 10, 1981, resulting in a conviction and sentence. He has appealed the conviction, alleging that the second trial violated his double jeopardy constitutional rights. Other grounds of error are alleged, but need not be considered in light of the view we take on the double jeopardy issue.

The first trial was commenced on July 2; the jury began its deliberations about 4:30 on the afternoon of July 3. After the jury had deliberated for some time, it requested a further charge on the law, which was given. Later, about ten o'clock in the evening, the jury again returned to the courtroom and requested that testimony of two witnesses be read. The court, on being told by the reporter that the testimony would take approximately two hours and ten minutes, indicated he was going to declare a mistrial. Defense counsel objected and

requested that the judge proceed immediately with the testimony of the witnesses requested or, alternatively bring the jury back the following morning. The judge proceeded to declare a mistrial.

At the call of the second trial on July 10, defense counsel moved to quash the indictment on the grounds that double jeopardy had attached after the first trial. The motion was denied. Defendant was found guilty.

Article I, Section 12, of the South Carolina Constitution provides as follows: "No person shall be subject for the same offense to be twice put in jeopardy of life or liberty, ..." The Fifth Amendment of the Constitution of the United States provides: "No person shall be ... subject for the same offense to be twice put in jeopardy of life or limb; ..." These sections of the constitutions protect an accused person from multiple prosecution for the same offense after an improvidently granted mistrial. The Fifth Amendment of the United States Constitution is made applicable to the states through the due process clause of the Fourteenth Amendment. *Benton v. Maryland*, 395 U. S. 784, 89 S. Ct. 2056, 23 L. Ed. 2d 707 (1969).

In *State v. Bilton*, 156 S. C. 324, 153 S. E. 269 (1930) this Court cited and approved the following general authority:

> The American cases hold generally that there must be a manifest necessity for the discharge of the jury and leave the Courts to determine in their discretion whether under all the circumstances of each case such necessity exists. When such necessity exists, a plea of former jeopardy will not prevail on a subsequent trial. But if the jury are discharged without defendant's consent for a reason legally insufficient and without an absolute necessity for it, the discharge is equivalent to an acquittal and may be pleaded as a bar to a subsequent indictment. See also *State v. Ravencraft*, 222 S. C. 139, 71 S. E. (2d) 798 (1952).

Our ruling must hinge on the question of whether there was a manifest necessity for declaring the mistrial.

The power of the court to declare a mistrial ought to be used with the greatest caution and for plain and obvious causes stated into the record by the judge. The judge is allowed a discretion, which is, of course, subject to review by this Court.

The less than lucid test is therefore declared to be whether the mistrial was dictated by manifest necessity or the ends of public justice, the latter being defined as the public's interest in a fair trial designated to end in just judgment. *Illinois v. Somerville,* 410 U. S. 458, 93 S. Ct. 1066, 35 L. Ed. 2d 425 (1973); *Wade v. Hunter,* 336 U. S. 684, 69 S. Ct. 834, 93 L. Ed. 974 (1949).

The court had invested in this trial substantial portions of two days. The jury had been deliberating from approximately 4:30 in the afternoon until about ten o'clock at night. Presumably, a portion of this time had been consumed by an evening meal. It is obvious that the jury had not been deliberating for an unusually long time. It was seeking a reading of testimony in its effort to solve the problem and reach a verdict. The "manifest necessity" rule is easy to state but sometimes difficult to apply. In borderline cases, it is the inclination of appellate courts to sustain the judge in the exercise of his discretion. But, a search of the record in this case fails to reveal facts which would justify declaring a mistrial over the objection of the defendant and by so doing subject him to a new trial before another jury at a different time.

Having found the exception meritorious, we reverse, holding that the defendant, under the facts and circumstances revealed by the record, was entitled to have his plea of former jeopardy sustained.

Reversed.

LEWIS, C.J., and NESS, GREGORY and HARWELL, JJ., concur.