539 S.E.2d 717

**STATE of South Carolina, Appellant,**

v.

**Michelle A. ROWLANDS, Respondent.**

**No. 3269.**

Court of Appeals of South Carolina.

Submitted Nov. 6, 2000.

Decided Dec. 11, 2000.

---

Deputy County Attorney Thomas E. Lynn, of North Charleston, for appellant.

T. Kirk Truslow, of North Myrtle Beach, for respondent.

GOOLSBY, Judge:

The magistrate's court dismissed a driving under the influence charge against Michelle A. Rowlands on the basis of double jeopardy. The circuit court affirmed. The State appeals, arguing Rowland's prosecution is not barred by double jeopardy and the circuit court erred in affirming the magistrate's exclusion of evidence that Rowlands refused to take a blood test. We affirm.

## FACTS/PROCEDURAL BACKGROUND

February 9, 1997, Rowlands was arrested and charged with driving under the influence. The State's case against Rowlands came before the magistrate's court October 29, 1998.

Following the court's consideration of pretrial motions, both parties advised the court that they were ready to proceed and the jury reentered the courtroom. The court then instructed both parties to verify that all witnesses were sequestered. At that point, the State discovered the absence of a material witness and informed the court that it had a matter to take up outside the presence of the jury. The court stated it would hear the motion after swearing the jury. Neither party objected.

The court swore the jury and asked them to return to the jury room. The State then moved for a continuance on the ground that a material witness under subpoena was not present. Because the jury had been sworn, the court denied the motion for a continuance but granted the State's alternate motion for a mistrial.

The case was rescheduled for February 11, 1999. Prior to trial, Rowlands moved to dismiss the case arguing the prosecution was barred by double jeopardy. After considering the parties' arguments and reviewing the applicable law, the magistrate granted the motion. The State appealed to the circuit court.

The circuit court affirmed, finding the State should have prevented the jury from being sworn and the absence of a

State witness did not constitute a "manifest necessity" for a new trial. The State appeals.

## LAW/ANALYSIS

 The Double Jeopardy Clause of the South Carolina Constitution [1] and the Fifth Amendment to the United States Constitution [2] protect all citizens from being twice put in jeopardy of life or liberty. A defendant, therefore, may not be prosecuted for the same offense after an acquittal, a conviction, or an improvidently granted mistrial.[3] Generally, jeopardy attaches when a jury is sworn and impaneled, unless prior to reaching a verdict, the jury is discharged with the defendant's consent or upon some ground of legal necessity.[4] In the present case, the magistrate's court granted the mistrial based upon the unavailability of a government witness.

 Although the decision is vested in the sound discretion of the trial court,[5] a mistrial is proper only where it is dictated by "manifest necessity" or "the ends of public justice." [6] Whether a mistrial is manifestly necessary is a fact specific inquiry.[7] "It is not a mechanically applied standard,

---

1. S.C. Const. art. I, § 12.

2. U.S. Const. amend. V ("[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb...."); *see also Benton v. Maryland,* 395 U.S. 784, 794, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969) ("[T]he double jeopardy prohibition of the Fifth Amendment represents a fundamental ideal in our constitutional heritage, and ... [therefore applies] to the States through the Fourteenth Amendment.").

3. *State v. Kirby,* 269 S.C. 25, 236 S.E.2d 33 (1977).

4. *State v. Stephenson,* 54 S.C. 234, 32 S.E. 305 (1899); *see also State v. Prince,* 279 S.C. 30, 301 S.E.2d 471 (1983) (holding that a mistrial must be dictated by manifest necessity before a plea of double jeopardy will be denied).

5. *State v. Council,* 335 S.C. 1, 515 S.E.2d 508 (1999).

6. *Prince,* 279 S.C. at 33, 301 S.E.2d at 472 (citing *Illinois v. Somerville,* 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973); *Wade v. Hunter,* 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974 (1949)).

7. *Gilliam v. Foster,* 75 F.3d 881 (4th Cir.1996); *see also State v. Kirby,* 269 S.C. 25, 236 S.E.2d 33 (1977) (finding that a mistrial was manifestly necessary where the solicitor died during trial); *State v. Ravencraft,*

but rather is a determination that must be made in the context of the specific difficulty facing the trial judge."[8] A trial judge's decision to grant or deny a mistrial will not be reversed on appeal absent an abuse of discretion amounting to an error of law.[9]

The State argues Rowland's February 1999 prosecution does not constitute double jeopardy because the magistrate found that a mistrial was manifestly necessary. We disagree.

In making its ruling, the magistrate's court relied heavily upon *Downum v. United States*.[10] In *Downum*, a majority of the United States Supreme Court held that a defendant's second trial was barred by double jeopardy where the first impaneled jury was dismissed prior to reaching a verdict because the prosecutor realized a government witness had failed to appear. Although the Court declined to state that the absence of a witness will never justify a mistrial, the majority opinion made it clear that courts must "resolve any doubt 'in favor of the liberty of the citizen, rather than exercise what would be an unlimited, uncertain, and arbitrary judicial discretion.'"[11] Adopting language from a ninth circuit decision, the Court ruled that by impaneling the jury without first determining the whereabouts of his or her witnesses, the

---

222 S.C. 139, 71 S.E.2d 798 (1952) (finding that the trial court did not abuse its discretion ordering a mistrial where the State introduced improper evidence); *Ex parte Prince*, 185 S.C. 150, 193 S.E. 429 (1937) (holding that the inability of the jury to agree upon a verdict is regarded as presenting a case of legal necessity for a mistrial); *State v. Rector*, 166 S.C. 335, 164 S.E. 865 (1931) (finding that a mistrial was manifestly necessary where a juror admitted prejudice); *but see State v. Prince*, 279 S.C. 30, 301 S.E.2d 471 (1983) (holding that 'a mistrial was not dictated by manifest necessity where the jury requested to rehear more than two hours of testimony after deliberating for five and one-half hours).

8. *Gilliam*, 75 F.3d at 895.

9. *Council*, 335 S.C. at 12, 515 S.E.2d at 514.

10. 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963).

11. *Id.* at 738, 83 S.Ct. 1033 (quoting *United States v. Watson*, 28 F.Cas. 499, 501 (S.D.N.Y.1868)); *see also Arizona v. Washington*, 434 U.S. 497, 508, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978) ("[T]he strictest scrutiny is appropriate when the basis for the mistrial is the unavailability of critical prosecution evidence....").

prosecutor " 'took a chance.' " [12] The magistrate in this case ultimately agreed, stating "I think under *[Downum] versus United States,* 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100, which is a 1963 case, I think it's very clear that for me to let this case go forward today would be reversible error." [13]

The State correctly notes that, unlike the instant case, the absent witness in *Downum* was not under subpoena and the prosecutor knew prior to the trial date that the witness could not be found. Like the Supreme Court in *Downum,* however, we agree with the ninth circuit's analysis in *Cornero v. United States.* [14]

> While [the witnesses'] absence might have justified a continuance of the case in view of the fact that they were under bond to appear at that time and place, the question presented here is entirely different from that involved in the exercise of the sound discretion of the trial court in granting a continuance in furtherance of justice. The situation presented is simply one where the district attorney entered upon the trial of the case without sufficient evidence to convict. This does not take the case out of the rule with reference to former jeopardy. There is no difference in principle between a discovery by the district attorney immediately after the jury was impaneled that his evidence was insufficient and a discovery after he had called some or all of his witnesses. It is uniformly held that, in the absence of sufficient evidence to convict, the district attorney cannot by any act of his deprive the defendant of the benefit of the

---

**12.** *Downum,* 372 U.S. at 737, 83 S.Ct. 1033 (quoting *Cornero v. United States,* 48 F.2d 69, 71 (9th Cir.1931)); *but see Humphrey v. State,* 244 Ga.App. 808, 537 S.E.2d 95 (2000) (holding that the trial court did not abuse its discretion in declaring a mistrial where a State witness under subpoena failed to appear).

**13.** The State relies primarily upon the following statement made by the magistrate prior to her ruling: "I believe that it was manifest necessity to have that witness there and the mistrial was granted." Although we acknowledge that the statement appears to be inconsistent with a dismissal based upon double jeopardy, we find that the magistrate ultimately based her decision on *Downum* and concluded that the mistrial was improvidently granted.

**14.** 48 F.2d 69 (9th Cir.1931).

constitutional provision prohibiting a person from being twice put in jeopardy for the same offense.[15]

The State also argues that unlike the prosecutor in *Downum*, the prosecutor here moved for a continuance prior to the swearing of the jury. That is not, however, what the prosecutor did in this instance.

Where a motion for a continuance is based upon grounds that exist prior to trial, it must ordinarily be made before the jury is sworn.[16] Although the prosecutor indicated he had a motion to be heard outside the jury's presence, he failed to inform the court of either the nature of or the grounds for the motion. This case is unlike a situation where a party's general objection or blanket request to take up a matter of law is contextually apparent.[17] The State's request to take up a matter outside the jury's presence could not have reasonably alerted the magistrate that the State desired a continuance or needed to present its motion before the jury was sworn. At the very least, the State should have asked the court to delay swearing the jury until after hearing the motion.

Had the State timely requested a continuance, the magistrate would likely have granted the motion. Once, however, the court swore the jury, the State's predicament shifted from the need for a continuance to a failure of proof. Under the circumstances of this case, a mistrial was not dictated by necessity or by the ends of public justice. The mistrial was, therefore, improvidently granted and the magistrate's court correctly dismissed the charges against Rowlands on the ground of double jeopardy.

Because we hold Rowland's prosecution for DUI is barred by double jeopardy, discussion of the State's challenge to the magistrate's evidentiary ruling is unnecessary.

**AFFIRMED.**

CURETON and CONNOR, JJ., concur.

---

**15.** *Id.* at 71.

**16.** *State v. Greuling*, 257 S.C. 515, 186 S.E.2d 706 (1972); *State v. Leonard*, 287 S.C. 462, 339 S.E.2d 159 (Ct.App.1986), *rev'd on other grounds*, 292 S.C. 133, 355 S.E.2d 270 (1987).

**17.** *See* Rule 103(a)(1), SCRE.