THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Jonah Israel Lowder, Appellant.
 
 
 

Appeal From Spartanburg County
 J. Derham Cole, Circuit Court Judge

Unpublished Opinion No. 2007-UP-007
Submitted January 1, 2007  Filed January 11, 2007

AFFIRMED

 
 
 
 Chief Attorney Joseph L. Savitz III, Office of Appellate Defense, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, Senior Assistant Attorney General William Edgar Salter, III, all of Columbia; and Solicitor Harold W. Gowdy, III, of Spartanburg, for Respondent.
 
 
 

PER CURIAM:  Jonah Israel Lowder was convicted of murder and sentenced to life in prison.  Lowder appeals, arguing the trial court erred by allowing the State to (1) introduce evidence that he had invoked his right to counsel during custodial interrogation, (2) cross-examine him about his invocation of the right to counsel, and (3) argue in closing that his invocation of the right to counsel was proof of his guilt.  We affirm.[1]
FACTS/ANALYSIS
Lowder was convicted of murder for the death of Robert Allen Arthur, who died in Spartanburg County when his skull was crushed by a cement block on or about August 6, 2002.  Lowder, then 23, and Arthur, who was in his 50s, were both homeless and transient, and had just met that day.  The two had spent the afternoon drinking together near a truck stop; thereafter,  Arthur had invited Lowder to his campsite nearby to rest for the night.  
At trial, Lowder admitted that he had killed Arthur with a cement block.  He claimed, however, that he did it because Arthur first attacked him with the same cement block during an attempted homosexual advance while he was sleeping.  Lowder testified that he had awakened in the night to find Arthur, with his pants pulled down, leaning over him with the cement block.  Lowder stated he had grabbed the cement block and beaten Arthur with it only to defend himself.  Lowder acknowledged at trial that he never alleged during his police interrogations that Arthur had attempted to sexually assault him, but maintained it was because he did not want that information to be published in the newspapers.  During the investigation of this case, police investigators had spoken to Lowder on at least three occasions.     
During direct examination, the solicitor questioned one of the investigators involved in Lowders case, Officer Jeremy Mathis of the Bay County Sheriffs Office in Panama City, Florida.  Lowder was tracked by South Carolina authorities to a jail in Bay County during the course of the investigation into Arthurs death.  The solicitor inquired whether Lowder had said anything when they were taking his palm prints.  The investigator replied:

 He was very inquisitive as to why we needed his palm prints.  He wanted to know what they were being used for.  And I think it is important to note that the only involvement I had ever had with Mr. Lowder at the time was for, to assist Spartanburg in their investigation.  I had never been a part of any other case that involved him.  Since I knew that he had asked for a lawyer, of course --    

Defense counsel moved for a mistrial on the basis the officer made a[n] impermissible reference to Mr. Lowders right to counsel.  The trial court denied the motion.  The court noted that the State was at a disadvantage because Lowder had previously moved to suppress his statements as involuntary at the start of the trial and it was the States burden to prove to the jury that the statements were freely and voluntarily made.  Defense counsel then stated he was not going to challenge before the jury the voluntariness of the statements.    
After further discussion, the trial court stated:  

 All hes testified to at the present time is the fact that he knew that Mr. Lowder had requested a lawyer and so he wasnt going to talk to him.  And I certainly dont think thats a comment upon his invocation of his right to remain silent.  Thats just an explanation as to why he refused to carry on a conversation with him . . . that he knew he had requested a lawyer and so he wasnt going to talk to him.  
 The issue now is going to simply be how to handle that since youre not challenging the voluntariness.
 I guess the witness can simply testify that Mr. Lowder initiated a conversation with the witness wherein he stated he wanted to talk to the police about the case . . . .  

The general rule in South Carolina is that a mistrial should be granted in cases of manifest necessity and with the greatest caution for very plain and obvious reasons.  State v. Patterson, 337 S.C. 215, 227, 522 S.E.2d 845, 851 (Ct. App. 1999); see also State v. Kirby, 269 S.C. 25, 28-29, 236 S.E.2d 33, 34 (1977) (The power of a court to declare a mistrial ought to be used with the greatest caution under urgent circumstances, and for very plain and obvious causes.).  
Among the factors to be considered in ordering a mistrial are the character of the testimony, the circumstances under which it was offered, the nature of the case, and the other testimony in the case.  State v. Howard, 296 S.C. 481, 483, 374 S.E.2d 284, 285 (1988).  A trial judges decision to grant or deny a mistrial will not be reversed on appeal absent an abuse of discretion amounting to an error of law.  State v. Rowlands, 343 S.C. 454, 458, 539 S.E.2d 717, 719 (Ct. App. 2000).  
In this case, we agree with the trial courts reasoning that a mistrial was not warranted as the witness did not make an impermissible comment on Lowders right to remain silent.  Rather, as the trial court noted, it was simply an explanation regarding why the detective did not pursue further questioning with Lowder at that time.  
Moreover, Lowder subsequently waived his right to counsel and spoke with the officers during their investigation.  The background given by the witness was to explain how Lowders later statements came about.  As the court pointed out, Lowder had initially moved at the start of the trial to suppress his statements as involuntary, but later chose not to challenge their voluntariness at trial.  We discern, then, no prejudice from the witnesss brief comment about Lowders request for a lawyer.  Accordingly, we find no abuse of discretion in the trial courts denial of Lowders motion for a mistrial.  
As to Lowders two remaining issues regarding the extent of cross-examination[2] and closing argument,[3] no objections were made to these matters at trial.  Since the alleged errors were not raised to and ruled upon by the trial court, they are not properly before us for review.  See State v. Dunbar, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) (In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge.  Issues not raised and ruled upon in the trial court will not be considered on appeal.); State v. Torrence, 305 S.C. 45, 406 S.E.2d 315 (1991) (observing a contemporaneous objection is required to properly preserve alleged errors for review on direct appeal); State v. Rice, 348 S.C. 417, 559 S.E.2d 360 (Ct. App. 2001) (stating as a general rule that all errors not involving subject matter jurisdiction must be raised and ruled on at trial to be preserved for further review and may not be raised for the first time on appeal).
Based on the foregoing, the judgment below is
AFFIRMED.
GOOLSBY, STILWELL, and SHORT, JJ., concur.       

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.
[2]  This cross-examination concerned Lowders failure to allege, during his several statements to the police, that the victim had attempted to sexually assault him.  No objections were made to this questioning at trial, so no issue is preserved in this regard.
[3]  Lowder argues the solicitor exploited during closing argument the evidence of his exercising his right to counsel, but no contemporaneous objection was made in this regard so as to preserve the issue for appeal.