THIS OPINION HAS NO
 PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Dervick Lamont
 Parker, Appellant.
 
 
 
 
 

Appeal From Dorchester County
Diane Schafer Goodstein, Circuit Court
Judge

Unpublished Opinion No. 2011-UP-060
 Submitted January 4, 2011  Filed February
16, 2011

AFFIRMED

 
 
 
 Deputy Chief Appellate Defender Wanda H.
 Carter, of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Assistant Attorney General Mark Farthing, all of Columbia; and
 Solicitor David M. Pascoe, Jr., of Summerville, for Respondent.
 
 
 

PER CURIAM: Dervick
 Lamont Parker appeals his conviction for assault and battery with intent to
 kill.  He argues the trial court committed reversible error in (1)
 overruling his objection to the court's failure to instruct the jury on
 self-defense and (2) denying his motion for a mistrial.  We affirm.[1]
1. Parker contends the
 trial court erred in overruling his objection to the court's failure to
 instruct the jury on self-defense.  We disagree.  "To warrant reversal, a trial court's refusal to give a requested jury
 charge must be both erroneous and prejudicial to the defendant."  State
 v. Gaines¸ 380 S.C. 23, 31, 667 S.E.2d 728, 732 (2008). 
 Moreover, "[t]he law to be charged to the jury
 is determined by the evidence presented at trial."  Id. 
 Therefore, "[i]f there is any evidence in the
 record from which it could reasonably be inferred that the defendant acted in
 self-defense, the defendant is entitled to instructions on the defense,
 and the trial judge's refusal to do so is reversible error."  State v.
 Slater, 373 S.C. 66, 70, 644 S.E.2d 50, 52 (2007).  A defendant must prove four elements to establish self-defense,
 including that "the defendant must be without fault in bringing on the
 difficulty." Id. at 69, 644 S.E.2d at 52.  "Any act of an
 accused that is reasonably calculated to produce the occasion amounts to
 bringing on the difficulty and bars the right to assert self-defense."  State
 v. Dickey, 380 S.C. 384, 394, 669 S.E.2d 917, 922 (Ct. App. 2008)
 (citation omitted).  
Here, Parker's conduct was
 reasonably calculated to produce an altercation between him and a police
 officer.  Parker's own testimony corroborated other witnesses' testimony he had
 a gun in his hand when he pursued an undercover officer, who was attempting to
 escape an apartment complex because he believed his undercover status had been
 compromised.  Accordingly, Parker brought on the altercation, and the trial
 court properly declined to instruct the jury on self-defense.
2. Parker next argues the trial court erred in denying
 his motion for a mistrial because the State violated his rights pursuant to Maryland
 v. Brady, 373 U.S. 83 (1963) and the Confrontation Clause of the United
 States Constitution.  We disagree.  
"[W]hether
 to grant or deny a mistrial is within the discretion of the trial court and
 will not be reversed on appeal absent an
 abuse of discretion."  State v. Herring, 387 S.C. 201, 216, 692
 S.E.2d 490, 498 (2009) (citation omitted).  Moreover, whether to grant a
 mistrial is determined by "'whether the mistrial was dictated by manifest necessity or the ends of public
 justice.'"  State v. Stanley, 365 S.C. 24, 34, 615 S.E.2d 455,
 460 (Ct. App. 2005) (quoting State v. Prince, 279 S.C. 30, 33, 301
 S.E.2d 471, 472 (1983)).
A due process
 claim pursuant to Brady that the prosecution failed to disclose evidence
 favorable to a defendant despite the defendant's request for that evidence
 requires four elements.  Gibson v. State, 334 S.C. 515, 524, 514 S.E.2d 320, 324 (1999) (citations omitted).  Two
 of those elements are that the evidence "was in possession of or known to
 the prosecution" and "was suppressed by the prosecution."  Id. (citations omitted).  Here, Parker could not impeach an adverse witness on the
 witness's two-year-old conviction of a felony gun offense because neither the
 State nor Parker knew of the conviction during Parker's trial.  They learned of
 the conviction because, while they awaited the jury's decision for Parker's
 trial, they attended the proceedings in which the witness pleaded and received
 sentencing for a charge of assault with intent to kill.  Therefore, the State did
 not violate Parker's right to evidence pursuant to Brady because the
 State did not know of or suppress the witness's conviction.  
"The right
 to meaningful cross-examination of an adverse witness is included in the
 defendant's Sixth Amendment right [under the United States Constitution] to
 confront his accuser."  State v. Cheeseboro, 346 S.C. 526, 544, 552
 S.E.2d 300, 309 (2001) (citations omitted).
  However, "[v]iolations of the Confrontation
 Clause are subject to a harmless error analysis."  State v. Holder,
 382 S.C. 278, 285, 676 S.E.2d 690, 694 (2009) (citation omitted).  The
 test is whether "'the evidence is overwhelming
 and the violation so insignificant by comparison that we are persuaded, beyond
 a reasonable doubt, that the violation did not affect the verdict.'"  Id. (quoting State v. Vincent, 120 P.3d 120, 124 (2005)).  A reviewing court must consider "'the importance of
 the witness's testimony, whether the testimony was cumulative, the presence or
 absence of evidence corroborating or contradicting the testimony of the witness
 on material points, the extent of cross-examination otherwise permitted, and
 the overall strength of the prosecution's case.'"  Id. (quoting Vincent,
 120 P.3d at 124).  
Here, even though Parker
 could not impeach the adverse witness on the conviction, most of that witness's
 testimony was corroborated and expounded upon by the testimony of Parker and
 the undercover officer.  Moreover, the court allowed extensive
 cross-examination of the witness, and Parker used that cross-examination both
 to corroborate parts of Parker's story and impeach the witness's credibility.  Therefore,
 any violation of Parker's Confrontation Clause rights was harmless, and the trial
 court acted within its discretion in denying Parker's motion for a mistrial.
AFFIRMED.
HUFF and
 LOCKEMY, JJ., and GOOLSBY, A.J., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.