**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Fred Jack Sanders, Appellant.

Appellate Case No. 2014-001326

---

Appeal From Richland County
Robert E. Hood, Circuit Court Judge

---

Unpublished Opinion No. 2016-UP-514
Heard September 22, 2016 – Filed December 14, 2016

---

**AFFIRMED**

---

Appellate Defender LaNelle Cantey DuRant, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Assistant Attorney General William M. Blitch, Jr.; and Solicitor Daniel Edward Johnson, all of Columbia, for Respondent.

---

**PER CURIAM:** Fred J. Sanders appeals his convictions for manufacturing methamphetamine, possession of methamphetamine, possession of crack cocaine,

possession with intent to distribute (PWID) heroin, and possession of a controlled substance (diazepam), arguing the trial court erred in (1) denying his motion to recharge the jury on the language of section 44–53–375(D)[1] of the South Carolina Code[2] and (2) denying his motion for a mistrial. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to issue 1, we find the trial court did not err in denying Sanders's motion to recharge the jury on the language of section 44–53–375(D). *See State v. Mattison*, 388 S.C. 469, 479, 697 S.E.2d 578, 584 (2010) ("An appellate court will not reverse the trial judge's decision regarding a jury charge absent an abuse of discretion."); *State v. Smith*, 315 S.C. 547, 554, 446 S.E.2d 411, 415 (1994) ("The substance of the law is what must be instructed to the jury, not any particular verbiage."); *State v. Austin*, 299 S.C. 456, 458, 385 S.E.2d 830, 831 (1989) ("A request to charge a correct statement of the law on an issue raised by the indictment and the evidence presented at trial should not be refused."); *id.* ("However, if the trial judge refuses to give a specific charge, there is no error if the charge actually given sufficiently covers the substance of the request."); *State v. Adkins*, 353 S.C. 312, 318, 577 S.E.2d 460, 464 (Ct. App. 2003) ("A jury charge is correct if, when the charge is read as a whole, it contains the correct definition and adequately covers the law."). Here, the charge provided a correct statement of the law, and to the extent there was any error, such error was either harmless or inured to Sanders's benefit. *See State v. Middleton*, 407 S.C. 312, 317, 755 S.E.2d 432, 435 (2014) ("When considering whether an error with respect to a jury instruction was harmless, we must 'determine beyond a reasonable doubt that the error complained of did not contribute to the verdict.'" (quoting *State v. Kerr*, 330 S.C. 132, 144–45, 498 S.E.2d 212, 218 (Ct. App. 1998))); *id.* ("In making a harmless error analysis, our inquiry is not what the verdict would have been had the jury been given the correct charge, but whether the erroneous charge contributed to the verdict rendered." (quoting *Kerr*, 330 S.C. at 144–45, 498 S.E.2d at 218)); *State v. Black*, 400 S.C. 10, 27, 732 S.E.2d 880, 890 (2012) ("An

---

[1] The most recent version of the statute is section 44–53–375(D) of the South Carolina Code (Supp. 2015), but we note its language is identical to the version in effect at the time of trial.

[2] "Possession of equipment or paraphernalia used in the manufacture of cocaine, cocaine base, or methamphetamine is prima facie evidence of intent to manufacture." S.C. Code Ann. § 44–53–375(D) (Supp. 2015).

appellate court generally will decline to set aside a conviction due to insubstantial errors not affecting the result.").

2. As to issue 2, we find this issue is unpreserved. *See State v. Benton,* 338 S.C. 151, 157, 526 S.E.2d 228, 231 (2000) (explaining that an issue is unpreserved if a defendant argues one ground at trial and a different ground on appeal); *State v. George*, 323 S.C. 496, 510, 476 S.E.2d 903, 912 (1996) ("No issue is preserved for appellate review if the objecting party accepts the judge's ruling and does not contemporaneously make an additional objection to the sufficiency of the curative charge or move for a mistrial."); *State v. Brown*, 274 S.C. 48, 51, 260 S.E.2d 719, 721 (1979) ("[B]y this additional [jury] instruction the trial judge readily granted the only relief which appellant sought at trial."). Even on the merits, we find the trial court did not err in denying Sanders's motion for a mistrial. *See State v. Stanley*, 365 S.C. 24, 33, 615 S.E.2d 455, 460 (Ct. App. 2005) ("The decision to grant or deny a mistrial is within the sound discretion of the trial judge."); *State v. Adams*, 354 S.C. 361, 377, 580 S.E.2d 785, 793 (Ct. App. 2003) ("The less than lucid test is therefore declared to be whether the mistrial was dictated by manifest necessity or the ends of public justice." (quoting *State v. Prince*, 279 S.C. 30, 33, 301 S.E.2d 471, 472 (1983))); *State v. Walker*, 366 S.C. 643, 658, 623 S.E.2d 122, 129 (Ct. App. 2005) ("Generally, a curative instruction is deemed to have cured any alleged error."); *id.* at 658, 623 S.E.2d at 130 ("A curative instruction to disregard incompetent evidence and not to consider it during deliberation is deemed to have cured any alleged error in its admission."). Further, as the non-prior bad acts evidence of Sanders's guilt is overwhelming, had there been any evidentiary error, such error was harmless beyond a reasonable doubt. *See State v. Brooks*, 341 S.C. 57, 62–63, 533 S.E.2d 325, 328 (2000) (holding whether the improper introduction of prior bad acts is harmless requires the appellate court to review "the other evidence admitted at trial to determine whether the defendant's 'guilt is conclusively proven by competent evidence, such that no other rational conclusion could be reached'" (quoting *State v. Parker*, 315 S.C. 230, 234, 433 S.E.2d 831, 833 (1993))); *Adams*, 354 S.C. at 381, 580 S.E.2d at 795 ("[A]n insubstantial error not affecting the result of the trial is harmless where 'guilt has been conclusively proven by competent evidence such that no other rational conclusion can be reached.'" (quoting *State v. Bailey*, 298 S.C. 1, 5, 377 S.E.2d 581, 584 (1989))).

**AFFIRMED.**

**LOCKEMY, C.J., and GEATHERS and MCDONALD, JJ., concur.**