**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

David Harold Campbell, Appellant.

Appellate Case No. 2017-001229

Appeal From Horry County
Thomas A. Russo, Circuit Court Judge

Unpublished Opinion No. 2021-UP-074
Submitted January 1, 2021 – Filed March 10, 2021

**AFFIRMED**

Tara Dawn Shurling, of Law Office Of Tara Dawn
Shurling, PA, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Attorney General David A. Spencer, both of
Columbia, for Respondent.

**PER CURIAM:**  David Harold Campbell appeals his convictions and sentences for trafficking in cocaine, third offense, and failure to stop for a blue light.  The trial court sentenced Campbell to thirty years' imprisonment for trafficking cocaine and a concurrent sentence of five years' imprisonment for failure to stop for a blue

light.  On appeal, Campbell asserts the trial court erred in (1) admitting irrelevant evidence and (2) denying his motion for a mistrial.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  First, we find the trial court did not abuse its discretion in admitting Detective Jeremy Neely's testimony that he and another officer were investigating a narcotics complaint in the area prior to initiating a traffic stop.[1]  *See State v. Gaster*, 349 S.C. 545, 557, 564 S.E.2d 87, 93 (2002) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); Rule 402, SCRE (explaining that relevant evidence is generally admissible, whereas irrelevant evidence is generally inadmissible); Rule 403, SCRE (instructing relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence").  Detective Neely's testimony was relevant to present a full presentation of the offense because it explained why plainclothes police officers were in the area and provided context for the initial traffic stop.  *See State v. Preslar*, 364 S.C. 466, 474, 613 S.E.2d 381, 385 (Ct. App. 2005) ("When evidence is admissible to provide this 'full presentation' of the offense, there is 'no reason to fragmentize the event under inquiry by suppressing parts of the res gestae.'" (quoting *State v. Sweat*, 362 S.C. 117, 133, 606 S.E.2d 508, 517 (Ct. App. 2004))).  Moreover, Detective Neely's testimony did not pose a risk of unfair prejudice because it did not reference Campbell and did not suggest a decision on an improper basis.  *See State v. Wiles*, 383 S.C. 151, 158, 679 S.E.2d 172, 176 (2009) ("Unfair prejudice means an undue tendency to suggest decision on an improper basis.").

2.  Second, we find the trial court did not abuse its discretion in denying Campbell's motion for a mistrial.  *See State v. Stanley*, 365 S.C. 24, 33, 615 S.E.2d

---

[1] To the extent Campbell argues Detective Neely's testimony violated Rule 404, SCRE, as improper character evidence, we find Campbell's arguments on appeal are not preserved for appellate review.  *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge.  Issues not raised and ruled upon in the trial court will not be considered on appeal."); *State v. Haselden*, 353 S.C. 190, 196, 577 S.E.2d 445, 448 (2003) (holding an appellant's issue is unpreserved when he argued one ground to the trial court and another on appeal).  At trial, Campbell only argued Detective Neely's testimony was irrelevant and prejudicial; Campbell did not reference Rule 404 during his objection.

455, 460 (Ct. App. 2005) ("The decision to grant or deny a mistrial is within the sound discretion of the trial [court]."); *State v. Simmons*, 352 S.C. 342, 354, 573 S.E.2d 856, 862 (Ct. App. 2002) ("'The power of a court to declare a mistrial ought to be used with the greatest caution under urgent circumstances, and for very plain and obvious causes' stated into the record by the trial [court]." (quoting *State v. Kirby*, 269 S.C. 25, 28, 236 S.E.2d 33, 34 (1977))); *Stanley*, 365 S.C. at 34, 615 S.E.2d at 460 ("The granting of a motion for a mistrial is an extreme measure which should be taken only where an incident is so grievous that prejudicial effect can be removed in no other way.").

**AFFIRMED.**[2]

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.