**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Appellant,

v.

Hannah Kelly, Respondent.

Appellate Case No. 2017-002096

———————

Appeal From Charleston County
J.C. Nicholson, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-090
Submitted September 1, 2020 – Filed March 2, 2022

———————

**AFFIRMED IN PART, REVERSED IN PART,
AND REMANDED**

———————

Attorney General Alan McCrory Wilson and Deputy
Attorney General William M. Blitch, Jr., both of
Columbia; and Solicitor Scarlett Anne Wilson, of
Charleston, all for Appellant.

Hannah Kelly, pro se, of Moncks Corner.

———————

**PER CURIAM:** The State appeals the circuit court's reversal of Hannah Kelly's
magistrate's court conviction for driving with an unlawful alcohol concentration
(DUAC), arguing the circuit court erred in finding the State's repeated references to

driving under the influence (DUI) during its opening statement were improper, prejudicially affected Kelly's substantial rights, deprived her of a fair trial, and warranted a mistrial. The State further argues the circuit court erred in finding the comments violated section 56-5-2933(I) of the South Carolina Code (2018). We affirm in part, reverse in part, and remand to the magistrate's court for a new trial.[1]

**Facts and Procedural History**

On February 19, 2016, Trooper Travis Methvin stopped Kelly when he witnessed her weaving out of her lane of traffic. After noticing a strong odor of alcohol and conducting three field sobriety tests, Trooper Methvin arrested Kelly for DUI under section 56-5-2930 of the South Carolina Code (2018).

In magistrate's court, the State elected to try Kelly for DUAC under section 56-5-2933 of the South Carolina Code (2018) instead of DUI. Kelly objected and moved for a mistrial during the following portion of the State's opening statement:

> As you heard Judge Summey say, Ms. Kelly over here, she was charged with driving with an unlawful alcohol concentration, DUAC . . . . Ms. Kelly was stopped on February 19th of 2016, so just about a year ago, by Trooper Methvin. He conducted an investigation and arrested her for driving under the influence. You've heard of a DUI, drunk driving. DUI law in South Carolina, I'm going to read it to you:
>
> "It is unlawful for a person to drive a motor vehicle within this state while under the influence of alcohol to the extent that the person's faculties to drive a motor vehicle are materially and appreciably impaired."
>
> I count four things from that: It's unlawful to drive a motor vehicle, within this state, while under the influence of alcohol, to the extent that the person's faculties (unintelligible).

Kelly asserted she was prejudiced by the State's multiple references to DUI and that the State's improper comments likely confused the jury. Unfortunately, a good

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

bit of the hearing tape was transcribed as "unintelligible," but the main argument made by the defense was as follows:

> (Unintelligible) he chose to try this as a DUAC, that's the State's prerogative to do. But it creates these issues (unintelligible). There's a prejudice here. All of a sudden it's like, "Oh, she got arrested for DUI too?" (Unintelligible). It causes mass confusion (unintelligible) absolute[] prejudice (unintelligible). How he explains how he got there, proving the State's burden, they chose this (unintelligible). But they don't get to double-dip and talk about both. That's going to cause mass confusion. And that's why I ask for a mistrial.

The State responded that it needed to explain to the jury that Kelly was originally arrested for DUI but was being prosecuted for DUAC, arguing:

> There's nothing that says I can't. I mean, this is absurd. This is absurd, Your Honor, there is no case law that says this. (Unintelligible) charged with this, we're going forward with this because of these reasons.

The magistrate indicated she understood the need to explain to the jury how the charges progressed from DUI to DUAC, but cautioned the State "not to do the elements of DUI, just the elements of DUAC." The magistrate further told the solicitor, "don't compare the difference in the elements." The magistrate denied Kelly's motion for a mistrial, noted the restrictions placed on the State's opening statement, and continued with the trial.

The jury subsequently viewed a video of Trooper Methvin's encounter with Kelly, which included Trooper Methvin explaining he was arresting her for DUI. During the video, Kelly stated, "I should have stayed where I was at, I should have stopped drinking." Trooper Methvin offered and administered a breath test to Kelly to determine her breath alcohol content (BAC) level, which was recorded as .09.

The jury found Kelly guilty of driving with an unlawful alcohol concentration of .08 but less than .10 under section 56-5-2933. The magistrate's court sentenced Kelly to forty-eight hours of community service.

Kelly appealed to circuit court.  The circuit court reversed Kelly's conviction and remanded the matter for a new trial, finding the State's repeated references to DUI warranted a new trial on the DUAC charge.  The State has appealed the reversal of Kelly's conviction.[2]

**Standard of Review**

"The decision to grant or deny a motion for a mistrial is a matter within a trial court's sound discretion, and such a decision will not be disturbed on appeal absent an abuse of discretion amounting to an error of law."  *State v. Council*, 335 S.C. 1, 12, 515 S.E.2d 508, 514 (1999).  "A mistrial should only be granted when 'absolutely necessary,' and a defendant must show both error and resulting prejudice in order to be entitled to a mistrial."  *State v. Stanley*, 365 S.C. 24, 34, 615 S.E.2d 445, 460 (Ct. App. 2005).  "Whether a mistrial is manifestly necessary is a fact specific inquiry."  *Id.* (quoting *State v. Rowlands*, 343 S.C. 454, 457, 539 S.E.2d 717, 719 (Ct. App. 2000)).

**Law and Analysis**

The State argues the circuit court erred in reversing Kelly's DUAC conviction and in determining the State's repeated references to the uncharged DUI warranted a mistrial.  The State further argues the circuit court erred in finding the comments in its opening statement violated section 56-5-2933(I).

> **I.    Section 56-5-2933**

Section 56-5-2933 provides in part: "It is unlawful for a person to drive a motor vehicle within this State while his alcohol concentration is eight one-hundredths of one percent or more."  § 56-5-2933(A).  The statute further states:

> A person charged for a violation of Section 56-5-2930 may be prosecuted pursuant to this section if the original testing of the person's breath or collection of other bodily fluids was performed within two hours of the time of arrest and reasonable suspicion existed to justify the traffic stop.  *A person may not be prosecuted for both a violation of Section 56-5-2930 and a violation of this section for the same incident.*

---

[2] Kelly did not file a respondent's brief with this court.

§ 56-5-2933(I) (emphasis added).

Section 56-5-2930(A) of the South Carolina Code (2018) provides in pertinent part:

> It is unlawful for a person to drive a motor vehicle within this State while under the influence of alcohol to the extent that the person's faculties to drive a motor vehicle are materially and appreciably impaired, under the influence of any other drug or a combination of other drugs or substances which cause impairment to the extent that the person's faculties to drive a motor vehicle are materially and appreciably impaired, or under the combined influence of alcohol and any other drug or drugs or substances which cause impairment to the extent that the person's faculties to drive a motor vehicle are materially and appreciably impaired.

Although the circuit court found the State violated section 56-5-2933(I) by referencing both DUI and DUAC in its opening statement, the statute is violated only when a person is *prosecuted* for both DUI and DUAC. *See* § 56-5-2933(I) ("A person may not be prosecuted for both a violation of Section 56-5-2930 and a violation of this section for the same incident."). In this case, the magistrate's jury charge, the verdict form, and the jury's verdict clearly indicate Kelly was being prosecuted only for DUAC, not DUI. Accordingly, we hold the circuit court erred in finding the State violated section 56-5-2933(I).

## II.    Mistrial

Prior to Kelly's objection, the State began its opening statement by referencing DUI five different times, read the DUI statute, and discussed the elements of DUI, while only mentioning DUAC once. Although the magistrate instructed the State to refrain from making any further comments comparing the elements of DUI with those of DUAC, the court did not instruct the jury to disregard the State's prior statements. Moreover, the court allowed the State to explain "the DUI to DUAC," because "that gap there, I understand that has to be explained." The State continued to argue, Kelly continued to object, and the opening statements eventually resumed.

At the appellate hearing, the following exchange occurred between the circuit court and the State:

> THE COURT: [W]hy are you talking about DUI when you're prosecuting [someone for] DUAC? That's like coming in this court and you've got somebody charged with manslaughter and you start talking about criminal sexual conduct. I mean[,] other than trying to prejudice the jury[,] why would you do something like that[?]
>
> [STATE]: To explain to the jury, Your Honor, why they are going to hear the arresting officer's—
>
> THE COURT: But she's not charged with DUI.
>
> [STATE]: Your Honor, she was arrested for DUI.
>
> THE COURT: So what? You're trying her for a different charge. What do you think gives you the right to talk to the jury about DUI when you're trying it for [DUAC]?
>
> . . . .
>
> [STATE]: Yes sir, I understood. The officer says on the video that was played to the jury[,] you're under arrest for DUI. There is extensive discussion on the video and in the breath test room that the jury sees of DUI. The point of discussing DUI and DUAC is to say to the jury, they don't know these things, she is arrested for DUI. She is not given a breath test until after that arrest.
>
> THE COURT: My attitude about it and I don't know how they do it in Magistrate's court. In Circuit Court it doesn't matter what she was arrested for; it was what they indicted for and what you're trying them for. And I assume in Magistrate's court it's what you're trying them for; not what they were arrested for.
>
> [STATE]: Your Honor, I think the jury needs to understand that the breath test is not taken until after the

arrest for DUI.  That's when [she] was charged with
DUAC.

THE COURT: I'm going to grant the appeal and remand
it back for a trial with instruction that the prosecutor is
not to mention DUI or go into DUI when he is trying
DUAC, okay.

We agree with the circuit court's reasoning that the State's repeated references to
DUI, both before and after Kelly's motion for a mistrial, prejudiced her such that a
mistrial was necessary.  *See Stanley*, 365 S.C. at 34, 615 S.E.2d at 460 (holding "a
defendant must show both error and resulting prejudice in order to be entitled to a
mistrial"); *State v. Copeland*, 321 S.C. 318, 324, 468 S.E.2d 620, 624–25 (1996)
("On appeal, the appellate court will view the alleged impropriety of the solicitor's
argument in the context of the entire record.").  Thus, we affirm the circuit court's
finding that the magistrate's court abused its discretion in denying Kelly's motion
for a mistrial.

**Conclusion**

Based on the foregoing, the circuit court's order reversing Kelly's DUAC
conviction is

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

**KONDUROS and MCDONALD, JJ., and LOCKEMY, A.J., concur.**